NATIONAL BISCUIT CO. v. OHIO BAKING CO. et al.

(Circuit Court, N. D. Ohio, E. D. December 21, 1900.)

No. 6,131.

1. UNFAIR COMPETITION—IMITATION OF PACKAGES.

While a defendant may have the right to use every one of the elements entering into complainant's trade-mark and packages if used separately, yet his use of the same in combination, for the evident purpose of imitating in appearance complainant's packages, constitutes unfair competition.

In Equity. On motion for preliminary injunction. For opinion on appeal, see 127 Fed. 116.

Squire, Sanders & Dempsey, Offield, Towle & Linthicum, and Earl D. Babst, for complainant.

Banning & Banning and Benjamin C. Starr, for defendants.

WANTY, District Judge. In this case a motion for a preliminary injunction has heretofore been filed, and was argued the other day, and I have come to a conclusion in the matter. The bill in this case was filed to restrain the defendants from infringing the complainant's trade-mark and to restrain fraudulent competition in imitating the complainant's packages or cartons in size and color and general appearance. The defendants claim that they have the right to use the straight lines and curves in a trade-mark, that they have the right to use the word "seal," that they have the right to use white lines on a red background, and that they have the right to use cartons of a particular size, and that they have the right to use the different colors which they have adopted for their packages, and that the complainant cannot appropriate any of these things so as to preclude others from their use. All of these

¶ 1. Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.

claims of the defendants are true, but it is apparent, under the showing here, that the defendants deliberately sat down and made their packages as like in general appearance to the complainant's packages as would be necessary to catch the customer and escape the courts. They had the right to use the background used by the complainant, they had the right to use clipped corners and the word "Seal," they had the right to use any color that the complainant used for cartons, and they had the right to use packages of the size used by the complainant. But when they used all these things in combination, the object is too apparent to admit of argument. The defendants put up a package which they say is exactly the size of complainant's package, because it contains the same quantity of crackers, which, if put up in a convenient manner, necessarily compels the use of the same-size package. But this does not explain why on the largest-size package the defendants have the exact shade of red used by complainant, and have the white lettering of substantially the same type, and on the next-size package, they have blue, like complainant's. Why did they not use blue on the largest-size package and red on the smaller? No one can read the pleadings and affidavits in this case and escape the conclusion that the defendants are endeavoring to appropriate the trade of the complainant by imitating, in its general effect, its seal and packages, and to escape the legal effect of such an attempt by making dissimilar minor details. The fraud is apparent, and the motion for a preliminary injunction will be granted.