## LOUISIANA & NORTHWEST R. CO. v. CRUMPLER.

(Circuit Court of Appeals, Eighth Circuit. April 20, 1903.)

### No. 1,809.

1. CARRIERS—INJURIES TO PASSENGERS—CARE REQUIRED.
   An instruction that a carrier was bound to exercise the highest degree of practical care to provide a safe roadbed, sound cross-ties, and safe cars to transport passengers, and if defendant was negligent in either of these respects, and plaintiff was injured in consequence thereof, he was entitled to recover, was proper.

2. REFUSAL OF REQUESTS.
   Where, in an action for injuries to a passenger, the court charged that defendant could not be held accountable for a derailment that was occasioned by a defect, either in the track or car, against which defendant could not have guarded by the exercise of the utmost care, skill, and diligence, it was not error to refuse to charge that if the track, at the time of the derailment, was in good condition, defendant would not be liable on account of a defective track, and that if the derailment was occasioned by some defect in one of the trucks which could not have been discovered by the exercise of the "utmost care, skill, and diligence" defendant was not liable.

In Error to the Circuit Court of the United States for the Western District of Arkansas.

W. B. Smith (J. M. Moore, on the brief), for plaintiff in error.

Hamilton P. Smead and Hamilton S. Powell, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This is an action which was brought by J. F. Crumpler against the Louisiana & Northwest Railroad Company to recover damages which the plaintiff below sustained in consequence of the derailment of one of the defendant company's trains on which the plaintiff was riding as a passenger. The complaint alleged, in substance, that the derailment was occasioned by reason of the fact that the defendant company failed to provide the plaintiff with a safe car wherein to ride, in that the wheels or running gear of the car were so defective, for some reason unknown to the plaintiff, that they would not properly adhere to the rails; and that the defendant company failed and neglected to exercise proper care in providing a safe track upon which the plaintiff was to be carried, in that the roadbed where the derailment occurred was unevenly graded, that the ties upon which the rails rested were placed at an

¶ 1. See Carriers, vol. 9, Cent. Dig. §§ 1168, 1170, 1177.

unsafe distance apart, and in that they were small, rotten, and otherwise defective and unfit for use. By its answer the defendant company admitted that the plaintiff entered one of its trains to be transported as a passenger from a station called Gibsland, on its road, to another station, termed Brister, in the state of Arkansas. It admitted that the train was derailed, but denied all of the allegations of negligence that were contained in the complaint, and alleged that the derailment of the car was occasioned by unavoidable accident. The evidence in the lower court is not set out in full in the record, but it is conceded that it tended to show that the derailment of the train was caused by the bad condition of the roadbed at the place where the cars left the track; that many of the ties at that place were rotten; and that many of the spikes that fastened the rails to the ties were loose. It is likewise conceded that there was testimony to the contrary, which tended to show that the track where the derailment occurred was in a reasonably safe condition, and that the derailment might have been occasioned by reason of the fact that the trucks of one of the cars were new or stiff, being very little worn, and that this car first left the track as the train was moving around a curve and was approaching a trestle. At the conclusion of the testimony the court charged the jury to the following effect: That while the duty rested upon the defendant company, as a carrier of passengers, to exercise the highest practical care to provide a safe roadbed, sound ties, and strong rails securely laid, and safe cars wherewith to transport the plaintiff, and that if it was guilty of negligence in any one or in all of these particulars the plaintiff might recover, provided the injury of which he complained was the direct result of one of such acts of negligence, yet that the duty resting upon the defendant as a carrier of passengers did not compel it to exercise all the care and diligence the human mind could conceive of, nor such care as would render the transportation of passengers free from any possible danger to them, nor such as would drive the carrier out of business; that the carrier, for instance, was not required to lay iron or granite cross-ties simply because such ties were less liable to decay, and hence safer than wood; that it was required to exercise the highest degree of practical care, diligence, and skill, but that there were some casualties which human sagacity could not guard against and foresee, and that every passenger must make up his mind to meet the risks incident to the mode of travel which he adopts, that cannot be avoided by the highest degree of care and skill in the preparation and management of the means of conveyance, and to submit to the privations and restraints and conform to the provisions which might be made and enforced for his safety and protection. It further charged the jury that when a train of cars on which a person is riding leaves the track, or is derailed, such an occurrence creates a presumption that the carrier has been in some respect negligent, and entitles the passenger to recover for such injuries as he may have sustained in consequence of the derailment, unless the presumption of negligence is overcome by proof to the contrary introduced by the carrier. After giving these general directions, the trial judge instructed the jury that the question whether the defendant

company had been guilty of culpable negligence as charged by the plaintiff was a question of fact, which the jury must determine in the light of all the evidence in the case.

The defendant company took no exception to the aforesaid charge except to the paragraph which declared that the duty rested upon it to exercise the highest degree of practical care to provide a safe road-bed, sound cross-ties, and safe cars to transport the plaintiff, and that if the defendant was negligent in either of these respects, and the plaintiff was injured in consequence thereof, he might recover. This exception is not argued in this court, nor could the principle of law announced be seriously challenged, since the same doctrine was enunciated in Indianapolis, etc., Railroad Co. v. Horst, 93 U. S. 291, 296, 297, 23 L. Ed. 898, from which the charge of the trial court seems to have been compiled.

The defendant company complains principally because the trial judge declined to give two instructions that were asked in its behalf. One of these was an instruction to the effect that if the roadbed was in good condition where the first car jumped the track, that if the rails did not spread and the ties were not broken, and if the track at that place was intact after the wreck, then the jury could not find that the track was defective. The other was an instruction to the effect that if the wreck was caused by some defect in the car which first left the track, such as a stiff truck, and that the defendant, in the exercise of the utmost care, skill, and diligence, could not discover such defect or anticipate that the car might leave the track, then the jury should find for the defendant, unless the jurors believed that the defendant was running its train at a fast and unusual rate of speed.

We are of opinion that no error was committed in the refusal of either of these requests, as they were comprehended in substance by the instructions that were given by the court of its own motion. The first of these instructions stated a mere truism, namely, that if the track, at the time of the derailment, was in good condition, then there could be no finding against the defendant on account of a defective track. The other instruction, to the effect that if the derailment was occasioned by some defect in one of the trucks, which could not have been discovered by the exercise "of the utmost care, skill, and diligence," then the defendant was not liable, was a direction which was practically given by the court as heretofore shown. In other words, the jurors were instructed that the defendant company could not be held accountable for a derailment that was occasioned by a defect either in the track or car, against which the defendant could not have guarded by the exercise of the utmost care, skill, and diligence. We think that the case was submitted to the jury under instructions as to the law that were substantially correct, and that no occasion exists for granting a new trial. It is highly probable that the jury were of opinion that the defendant company had not succeeded in overcoming the presumption of negligence which was raised by the fact that while the train was moving at a usual rate of speed it left the track and rolled down an embankment.

The judgment below is accordingly affirmed.