BILLIKEN CO. v. BAKER & BENNET CO.

(Circuit Court, S. D. New York. December 22, 1909.)

1. TRADE-MARKS AND TRADE-NAMES (§ 88*)—UNLAWFUL COMPETITION—ACTION—RIGHT TO SUE.

Where complainant employed the H. Co. to manufacture and sell for it a Billiken doll, in the sale of which it was claimed defendant was guilty of unlawful competition, the business of the H. Co. was complainant's business, and complainant was therefore the proper party to ask for protection.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 98; Dec. Dig. § 88.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 88*) — UNLAWFUL COMPETITION — ACTION—RIGHT TO SUE.

Where complainant sued for unlawful competition in the sale of Billiken dolls claimed to be manufactured for the H. Co. by a doll and toy company, a royalty being paid by the H. Co. to complainant, the business to be protected was that of the H. Co., and it was therefore the proper party complainant.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Dec. Dig. § 88.*]

3. TRADE-MARKS AND TRADE-NAMES (§ 75*)—UNLAWFUL COMPETITION—BILLIKEN DOLL.

Complainant conceived and sold a grotesque doll, made of fluffy, white material, with a large head, wearing a broad, Buddhistic smile, in a sitting position. It was sold in a carton, one side of which dropped down

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

when the cover was off, displaying the doll. On the cover was the doll's picture, with a rhyme, signed "Billiken," and on the other side a similar picture and rhyme, etc. Defendant sold a doll of similar design, called "Killiblues," put up in a similar carton. *Held* sufficient to warrant an inference that defendant's doll was intended to deceive ordinary purchasers intending to buy plaintiff's doll, and hence plaintiff established a case of unlawful competition against the manufacturer, and against sellers of the "Killiblues" doll with the expectation that purchasers would buy them for "Billikens."

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 86; Dec. Dig. § 75.*]

**4. Trade-Marks and Trade-Names (§ 98*)—Unlawful Competition—Damages—Profits.**

Where, in a suit for unlawful competition in the sale of certain dolls, defendant's claim that it was not the manufacturer of the dolls, but purchased and sold them without knowledge that complainant claimed an exclusive right to place the dolls, packed in a particular carton, on the market, and that the suit was begun without previous notice, after which it immediately began to sell its dolls in plain boxes, defendant was not liable on such facts for damages or profits.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 112; Dec. Dig. § 98.*]

**5. Trade-Marks and Trade-Names (§ 95*) — Unlawful Competition — Injunction.**

Where, in a suit for unlawful competition, it was doubtful whether complainant was the proper party to sue, and defendant claims that immediately on commencement of the suit it stopped selling the article in controversy in competition with complainant's product, a preliminary injunction will be denied.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 108; Dec. Dig. § 95.*]

In Equity. Bill by the Billiken Company against the Baker & Bennet Company. Preliminary injunction denied.

Briesen & Knauth, for complainant.
Robert W. Hardie, for defendant.

WARD, Circuit Judge. The bill alleges that the complainant has derived from Florence Pretz, the original artist, without saying how, the right to use the figure called by her "Billiken," and that with this name as a trade-mark it has built up a business in various articles of that design. There seems to me to be no question of trade-mark in the case, because the articles complained of are sold under the entirely different name of "Killiblues," and, if the complainant is entitled to protection, it is protection against unfair trade. It is stated on the box that the Billiken design is copyrighted; but no proof is made of this, and technical trade-mark is not relied on.

The affidavits of the complainant state that it employs the E. I. Horsman Company to manufacture and sell for it the Billiken doll. If this is true, the business carried on by Horsman & Co. is its business, and it is the proper party to ask for protection. On the other hand, the defendant's affidavit says, and this is not denied in any replying affidavit, that the Billiken dolls are manufactured for the E. I. Horsman Company by the Ætna Doll & Toy Company, and that the Horsman Company pays to the complainant a royalty of $1.50 a dozen.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

If this is so, the business to be protected is that of the Horsman Company, and it is the proper party complainant.

The article in question has become very popular on the market. It is a grotesque doll, made of a fluffy, white material, with a large head, wearing a broad, Buddhistic smile, put up in a sitting position in a carton box, one side of which drops down when the cover is taken off, displaying the doll with its bandy legs and feet turned in. On the cover is a picture of the doll, with a rhyme signed "Billiken," and on the side which falls down a picture of the doll and another rhyme signed "Billiken."

The defendant has sold on the market a doll called "Killiblues," of a similar design, in a similar position in a carton box of a similar form, size, and color, with a picture of the Killiblues doll, and a rhyme signed "Killiblues" on the cover, and a picture of the doll and a rhyme signed "Killiblues" on the side which drops down. Admitting that a manufacturer may use every one of the above features of the complainant's collocation separately, the use of the whole collocation compels the inference of an intent to palm off Killiblues for Billikens, and the affidavits show that the ordinary purchaser is likely to be deceived. Apparently against the manufacturer a fair case would be made out. National Biscuit Co. v. Ohio Baking Co. (C. C.) 127 Fed. 160; Allen B. W. Risley Co. v. Iowa Soap Co., 122 Fed. 796, 59 C. C. A. 54; N. K. Fairbanks Co. v. Windsor, 124 Fed. 200, 61 C. C. A. 233.

If the defendant, though not a manufacturer, sold the Killiblues with the expectation and intention that the ordinary purchaser would buy them for Billikens, the complainant would be entitled to protection. N. K. Fairbanks Co. v. Dunn (C. C.) 126 Fed. 227. But the defendant avers that it is not a manufacturer of the dolls; that it purchased them from the manufacturer and sold them without knowledge that the complainant claimed the exclusive right to place such dolls so packed on the market; that this suit was begun without any previous notice requiring it to stop the sale, and that as soon as the suit was begun it began to sell its dolls in plain boxes of ordinary construction, such as are used by the trade for general purposes. If this is the case, there could be no decree against it for damages or profits, and in view of the fact that it has stopped selling, and of the doubt as to the proper party complainant, the motion for preliminary injunction is denied.