CASE 88—PETITION EQUITY—MAY 3.

# Parkland Hills Blue Lick Water Company v. Hawkins & Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

TRADE-MARK.—The lessees of Blue Lick Springs, who handle the water of those springs as an article of commerce, and who have for many years used the name "Blue Lick Water" as their trade-mark, are entitled to the exclusive use of that name as a trade-mark, and upon their petition the defendants, who handle a mineral water obtained from an artesian well in a distant part of the State, are enjoined from using the words "Blue Lick" as a part of their trade-mark.

O'NEAL, PHELPS, PRYOR & SELIGMAN FOR APPELLANT.

(No brief in record.)

JOHN W. BARR, JR., FOR APPELLEES.

1. Appellees have a right to be protected in the use of the words "Blue Lick" as a brand or trade-mark in the prosecution of their business. (Newman v. Alvord, 49 Barbour, 588; McAndreas v. Bassett, 10 Jurist (N. S.); Canal Co. v. Clarke, 15 Wall., 311; Congress Spring Co. v. High Rock Congress Spring Co., 45 N. Y., 291; Dunbar v. Glenn, 42 Wis., 118; Metcalf v. Brand, 86 Ky., 364.)

2. To constitute an infringement of the right it is not necessary that the imitation should be an exact counterpart of the original. (Bradley v. Norton, 33 Conn., 165.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellees are the lessees of the Lower Blue Lick Springs in Nicholas County, and since 1888 have been engaged in handling "Blue Lick" water, a product of those springs, as an article of commerce.

The appellant is a corporation of recent creation which has put on the market a water denominated "Parkland Hills Blue Lick Water," the words "Blue Lick" being made the most prominent part of the various advertising mediums adopted. This water is obtained from an

artesian well near Louisville, Ky.   The appellees brought this action to restrain the appellant from using the words "Blue Lick" in connection with the name of its water, and the relief asked having been granted by the court below, the corporation has appealed.

The record discloses that the water from the springs, now under the control of the appellees, has been famous under the appellation of "Blue Lick Water" for more than a century.   It has been received with favor throughout the United States and in some foreign countries.   It is said to be incomparable as an alterative and aperient, and highly valuable as a nervous stimulant, diaphoretic and diuretic.

The Blue Licks, the upper and the lower, have been known since the early settlement of the State, indeed, years before the formation of the State.   It was at the lower springs that, in 1782, the memorable and sanguinary battle occurred between the whites and the Indians, making the spot historically renowned.   Buffalo and other wild animals had well-beaten "traces" to and from this spring which they frequented to lick the deposits from the water, hence the first name was "The Licks."   The commercial value of the water was early recognized, and years ago the predecessors of the appellees adopted the name "Blue Lick Water" as their trade-mark.

The trade-mark of the appellees consists of a circular inscription of the words, "The Celebrated Blue Lick Water," in large letters at the top of the circle, and the words "From E. C. Hawkins & Co., sole proprietors, Blue Lick Springs, Ky.," in smaller letters at the bottom of the circle.   In the center is the erect figure of a Kentucky pioneer with his rifle and dog, and on either side

of the hunter are the words and figures, "Daniel Boone, 1782, trade-mark."

The question before us does not affect the owners of the upper springs, the sole question being whether the plaintiffs are to be protected from the corporation engaged in selling the artesian water as "Blue Lick Water." Of this we entertain no doubt. A trade-mark may be a name adopted and used by a merchant or dealer in order to designate the goods that he sells and distinguish them from those sold by another, to the end that they may be known in the market as his, and thus enable him to secure such profits as result from the celebrity of his wares or his reputation for superior skill, industry or enterprise in handling the article put on the market. Any name may be so used that he may deem appropriate as designating the true origin or ownership of the article to which it is affixed, though he may not appropriate a name indicative of the quality of his goods which others may employ with equal truth for the same purpose.

There is no conceivable reason why the name of a place may not be selected as a trade-mark, or the natural product of a spring be the subject of the protection afforded by it. Thus, in Newman, &c., v. Alvord, &c., 51 N. Y., 189, the plaintiffs were protected in the use of the word "Akron," the name of the village where they made cement, against those who were making "Akron" cement at Syracuse. So, in Dunbar v. Glenn, 42 Wis., 118, the owner of the mineral spring "Bethesda" was given the exclusive use of that name as a trade-mark indicating the origin or ownership of the waters therefrom, and it was said the law in relation to trade-mark applied whether the vendible commodity be natural or artificial, for other-

wise the purchaser would have imposed upon him an article that he never meant to buy, and the owner would be robbed of the fruits of the reputation that he has successfully labored to earn.    So, also, in Congress & Empire Spring Co. v. High Rock Congress Spring Co., 45 N. Y., 291, it was held that the owner of a peculiar product of nature, such as mineral water, will be protected in the exclusive use of a name given to it and employed as a trade-mark.    The word "Congress" in the phrases "Congress Water" and "Congress Spring Water" was held to be a legitimate trade-mark.

In the case under consideration the name adopted by the appellees and their predecessors for the water from the Blue Lick Springs indicated the origin and ownership or place of the product, and is one in the exclusive use of which the appellees should be protected.    The proof discloses a scheme by which, when the thirsty patron of certain dealers in the city of Louisville called for Blue Lick water, meaning genuine Blue Lick, which was, confessedly, the Nicholas County product, he was to be given water from the artesian well of the appellant. This was no less a fraud on the public than on the appellees.    The purchaser has the right to get what he seeks, and the owner is entitled to the profit from the sale of the thing sought.

Judgment affirmed.