VEHICLE APRON & HOOD CO. v. AMERICAN TIRE & RUBBER CO.

(District Court, N D. Illinois E. D. March 12, 1912.)

No. 30,582.

TRADE-MARKS AND TRADE-NAMES (§ 68*)—ADVERTISEMENT OF GOODS.

So long as defendant has plaintiff's product for sale, without restriction as to the selling price, defendant cannot be restrained from using plaintiff's trade-name in its catalogue in advertising such product, and cannot be restrained from selling the product at any price it may see fit; but defendant is properly restrained from using plaintiff's name in connection with any other than plaintiff's product, and from substituting or attempting to substitute other products, when plaintiff's is ordered.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 79; Dec. Dig. § 68.*]

In Equity. Suit by the Vehicle Apron & Hood Company against the American Tire & Rubber Company. On motion for preliminary injunction. Motion partly granted.

George T. May, Jr. (Chester C. Shepherd, of counsel), for complainant.

Herbert Green, for defendant.

KOHLSAAT, Circuit Judge. Motion for preliminary injunction, on bill to restrain unfair competition. It is charged in the bill, and established by the evidence, that complainant, a manufacturer of automobile accessories, has extensively manufactured, advertised, and sold tire covers, and for a number of years last past has applied the name "Gordon," as a trade-name, to certain tire covers of its manufacture, which have become generally, extensively, and favorably known to the trade and public as "Gordon" tire covers, by reason whereof, complainant claims an exclusive right to the use of the name "Gordon," as applied to tire covers, as a trade-mark and trade-name.

It is further charged and proven that defendant, a dealer in automobile tires, casings, and sundries, in a pamphlet or catalogue advertising its wares (which it issued and distributed among automobile owners), caused to be printed a cut of a tire cover like that of complainant. This tire cover, as illustrated, was distinctly marked with the name "Gordon." Accompanying the cut was printed matter calling attention to the low price at which the article was sold—which was less than the price at which complainant sold its "Gordon" tire covers.

In support of allegations of the bill, it has been shown by evidence that the president of complainant, John P. Gordon, having received through the mails from defendant company a copy of defendant's above-mentioned catalogue, instructed his manager, Hegelheimer, to send an order (as a purchaser for private use) for a "Gordon" tire cover. The order, referring to the catalogue and inclosing the price as listed, was sent. Defendant filled the order by sending a "Nathan" tire cover. No explanation accompanied the substitution.

Defendant does not deny complainant's exclusive right to the use of the word "Gordon" as applied to tire covers. Its explanation of the publication of the cut is that it and its predecessors had thereto-

fore dealt in genuine "Gordon" tire covers of complainant's manufacture, and it had some on hand at the time of the publication of the catalogue, and had used the cut to advertise genuine "Gordon" tire covers of complainant's manufacture, without any intention of deceiving the public, or attempting to palm off other tire covers for the genuine "Gordon" tire covers of complainant, and has, in fact, not sold more than three tire covers since the publication and distribution of the catalogue, and since the commencement of this suit (which was the first notice it has received that complainant considered the publication of the cut a violation of its exclusive right) has entirely desisted from sending out any of said catalogues.

Evidence of the good faith of defendant has not been successfully rebutted, and it appears from this evidence that complainant has suffered but slightly, if at all, by the unauthorized use of its trade-name. It is not contended that defendant should be enjoined from using the cut to advertise and sell genuine "Gordon" tire covers, nor is there any basis in the bill for contention that defendant may not rightfully fix its own selling price for genuine "Gordon" tire covers—even though as suggested by counsel, incidental damage may result to complainant by an impression among dealers that complainant is showing favoritism by quoting lower prices to defendant.

It is very clear, however, that defendant cannot be permitted, in its advertisements, by means of the quotation of a low price, to use complainant's trade-name as a bait to attract customers, and then, when "Gordon" tire covers are specified in an order, to substitute other tire covers. This is an illegitimate use of the good reputation of complainant's tire covers, which the court must enjoin.

In the case of Enoch Morgan's Sons Company v. Wendover (C. C.) 43 Fed. 420, 10 L. R. A. 283, complainants had a trade-mark in the word "Sapolio." When customers would ask for "Sapolio," defendant's salesman would, without explanation, deliver a soap called "Pride of the Kitchen." As in the case of the "Nathan" tire cover, the words "Pride of the Kitchen" were plainly marked on the article. The price was the same; but there was no attempt, by any simulation of size, shape, or color of package, to deceive the customer. Notwithstanding the total dissimilarity in name and style of package, it was held that the substitution amounted to an infringement of complainant's rights. The court said:

"That the act of the salesman in offering 'Pride of the Kitchen' in response to a demand for 'Sapolio' is, though done silently, a positively unlawful act, is clear. Its unlawfulness consists in an attempt to steal away the business of complainant for the benefit of the manufacturers of 'Pride of the Kitchen.' It is clearly the object of the law of trade-marks to prevent this."

A more recent case applying the same principle is Parkland Hills Blue Lick Water Company v. Hawkins, 95 Ky. 502, 26 S. W. 389, 44 Am. St. Rep. 254.

That defendant, in at least one instance, substituted a tire cover not manufactured by complainant when a "Gordon" tire cover was asked for, is clearly shown.

It follows that, so long as defendant has genuine "Gordon" tire covers for sale, it cannot be restrained from the use of the name in its

·catalogue; nor can it be restrained from selling genuine "Gordon" tire covers at any price it may see fit. An injunction, however, may issue, as prayed, restraining defendant from the use of the name "Gordon" in connection with any other than the genuine "Gordon" tire covers of complainant's manufacture, and (so long as it uses the name "Gordon," as applied to tire covers, in its catalogue or other advertisements) from substituting, or attempting to substitute, other tire covers when "Gordon" tire covers are ordered or requested.