AMERICAN FIBRE CHAMOIS CO. v. DE LEE et al.

(Circuit Court, N. D. Illinois. May 4, 1895.)

1. TRADE-MARK—FIBRE CHAMOIS.
   The words "Fibre Chamois," used to designate a fabric used as interlining for dresses, constitute a valid trade-mark.

**2.** INJUNCTION—CORPORATION—PARTNERSHIP.

The fact that a firm becomes incorporated pending a suit against the copartners for an injunction is no ground for refusing the injunction, where one partner is an active manager of the corporation's business, and the other is not shown to have parted with his interest and control.

In Equity.    On motion for preliminary injunction.

Bill for injunction by the American Fibre Chamois Company against the firm of De Lee & Dernberg.

Lothrop S. Hodges and Banning & Banning, for complainant.

Moses, Pam & Kennedy, for defendants.

SHOWALTER, Circuit Judge.    Complainant, a New York corporation, makes a fabric used as an interlining for women's dresses, now widely known and dealt in as an article of merchandise.    Complainant marks its said product with the words "Fibre Chamois," averred to be, as applied to said goods, a fanciful and arbitrary mark and designation; and by that mark, and under that name, said goods are known and identified in the world of trade as having been made by complainant.    At the time of the adoption of said mark by complainant, said words had never been so used, it is said, in connection with any similar fabric.    It is sworn in affidavits presented by defendants that like goods by other makers are now distinguished by marks also used as names; and specimens of such goods marked, respectively, "Fiber Fabric," "Fiberine," and "Buckskin Fibre," were produced at the hearing of this motion.    Defendants are merchants in Chicago.    It is stated by one of them, in an affidavit, that all these goods are called "Fibre Chamois"; but, in view of other affidavits on both sides, I cannot find, as a fact, that "Fibre Chamois" is a generic name for goods of this class.    From the affidavits presented by defendants themselves, as already stated, it appears that these fabrics are known and distinguished, even in defendants' store, and by their own employés, each by its appropriate name or mark, as above.    When "Fibre Chamois" is called for in defendants' store, it is there understood that the fabric made by complainant is the article desired by the customer.    The alleged ground of action is that defendants, in sales to customers at their store in Chicago, are falsely substituting the product of another manufacturer for that of the complainant.    Specific instances, not satisfactorily denied or explained by defendants, are shown in which, at defendants' store, upon calls for "Fibre Chamois," an article similar in appearance, but not made by complainant, was sold and delivered as the fabric made by complainant, to wit, "Fibre Chamois."    In one instance, the spurious article was billed to the purchaser as "Chamois Fibre," and on two other occasions the article was billed to the purchaser as "Chamois."    The case is like Enoch Morgan's Sons Co. v. Wendover, 43 Fed. 420. There, on calls for the product of complainant, a similar article made by another manufacturer was, without explanation, sold and delivered to customers by defendant.    In the present instance, on a call, by the name of "Fibre Chamois," for the goods made by complainant, goods of another manufacturer were represented to

be, and were sold as, "Fibre Chamois;" so that here, as may 'be said also of the case cited, there was a sort of constructive application by defendants of complainant's trade name, or mark, to the goods of another manufacturer. It is argued that the words "Fibre Chamois" are descriptive of the manufactured article, and also that they contain the false representation that said article is chamois leather. Said combined words would not be spontaneously used as descriptive of chamois leather, or of any fabric having the appearance of chamois leather; but, the association of ideas whereby a manufacturer might select and combine these words to mark and distinguish, as made by himself, a fabric having an appearance somewhat similar to parchment, or chamois leather, and useful as an interlining for clothing, can be understood. Many artificial words, or combinations of words, coined or used as trade-marks or trade-names, are suggestive in this way. Assuming that words in a sense descriptive of an article of merchandise may not also, in a given case, have a secondary significance, as marking the origin or manufacture of such article, the words "Fibre Chamois," combined as here, I should say, need not be disallowed as a trademark or trade-name. If said words, as here combined, have any sense, as descriptive of the class of goods in question, it is not so pronounced, obvious, and usual as to make said combined words unfit, inappropriate, or misleading, as a name, sign, or mark of origin for complainant's goods, nor will such secondary import interfere with or abridge the use of said words, or either of them, by any person, in any possible way, except as a mark of origin for similar goods. The showing here seems to be that said combined words do in fact have a significance as an arbitrary mark and name whereby the goods made by this complainant are identified and distinguished in the trade as carried on, even in defendants' store, and within the understanding of defendants' employés, from like goods of other makers marked as already mentioned.

The firm of De Lee & Dernberg, it is said, has become incorporated, presumptively, since the bill was filed. Dernberg is shown to be at present an active manager of the business, and it does not appear that De Lee has parted with his interest and control. A preliminary injunction will issue as prayed, upon bond as usual in such cases.