## N. K. FAIRBANKS CO. v. DUNN.

(Circuit Court, N. D. New York. November 17, 1903.)

1. UNFAIR COMPETITION—SUBSTITUTING DIFFERENT ARTICLE FOR THAT CALLED FOR.

A merchant filling orders from customers for an article advertised by the manufacturer, and well known by its trade name, with a different and inferior article, is chargeable with unfair trade, and may be enjoined at suit of the manufacturer.

In Equity. On motion for preliminary injunction.

This is an application for an injunction pendente lite restraining the defendant, his servants, etc., from directly or indirectly selling or delivering, or offering to sell or deliver, as Gold Dust, or when Gold Dust is ordered or asked for, that which is not Gold Dust and the product of the complainant known as Gold Dust.

Archibald Cox, for complainant.

D. F. Searle, for defendant.

RAY, District Judge. The papers in this case show, and the court finds, that the complainant has a product known as Gold Dust, and has a valid registered trade-mark "Gold Dust," which has been generally acquiesced in and also adjudicated in favor of the complainant. The class of merchandise to which this trade-mark is appropriated is cleansing and polishing preparations, and the particular description of goods comprised in such class, on which said corporation uses said trade-mark, is detergent and washing powders. This trade-mark has been used continuously by said corporation in its business since June 5, 1887. Gold Dust is a useful article, and has met and meets with a large sale, and this trade-mark is of great value to the complainant. The words "Gold Dust" have become invested with a particular and a secondary meaning, as indicating and designating a washing powder made and sold by the complainant.

The defendant, John F. Dunn, is conducting and transacting the business of a grocer at Little Falls, Rome, and Utica, in the state

¶ 1. Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.

of New York. In his said business he has advertised Gold Dust, and has advertised to sell the same at a less price than the same can be obtained and sold for at a profit in the market. Having so advertised Gold Dust, the defendant has on several occasions knowingly and willfully and fraudulently handed out and delivered to his customers who called for Gold Dust, and who desired to purchase Gold Dust, and who expected they were purchasing and obtaining Gold Dust, another and inferior article known as Buffalo, and in so doing has not only imposed upon and defrauded purchasers to their damage and injury, but has injured the complainant.

The defendant claims that he was ignorant of this act, but the court cannot so find. The defendant claims that he has had no purpose to deliver to customers the soap powder Buffalo when Gold Dust has been called for. The court is not satisfied that such is the fact.

The acts complained of are unlawful. The defendant has no right to deliver Buffalo when the customer calls for Gold Dust. The customer has the right to receive Gold Dust when he calls for it, and the seller purports to fill his order, without taking pains to examine the package delivered, and he is defrauded if an inferior article is substituted, even if the package bears a label showing it to be Buffalo, and not Gold Dust.

The customer at a grocery is not compelled to inspect every package called for to see that he gets what he orders. He has the right to assume that he gets what he orders. The merchant, by assuming to fill the order, represents that the goods put up and delivered are those ordered. The law is too well settled on this subject to require extended quotation. The manufacturer of an article placed upon the market for sale has the right to demand of the dealer who purports and advertises to sell it that he deliver his product when called for by the customer.

The injunction pendente lite is granted, and will issue.