**SINGER MFG. CO. et al. v. GOLDEN et al.**
No. 9542.

United States Court of Appeals
Seventh Circuit.

Dec. 15, 1948.

Rehearing Denied Jan. 14, 1949.

Edward S. Rogers, William T. Woodson and B. W. Pattishall, all of Chicago, Ill. (John F. Ryan, of New York City, of counsel), for appellants.

Morris I. Leibman, Robert F. Carney, G. Kenneth Crowell and Warren H. Young, all of Chicago, Ill., for appellees.

Before MAJOR, Chief Judge, and KERNER and MINTON, Circuit Judges.

MINTON, Circuit Judge.

In an unfair competition suit, the District Court on September 25, 1944, in the here pertinent part of its decree enjoined the defendants-appellees from "(a) Advertising, offering for sale, or selling as 'Singer parts' or 'Genuine Singer parts' any sewing machine parts not manufactured by The Singer Manufacturing Company." The latter company was one of the plaintiffs in the suit in which the decree was entered.

On May 14, 1947, the plaintiffs in the original suit, in which the above decree of injunction was entered, filed their petition for an order to show cause why the defendants should not be punished for contempt of this order. Certain affidavits were filed in support thereof. On the same date the District Court entered an order to show cause, directing the defendants to appear thereto May 22, 1947. The defendants on June 2, 1947, filed a motion to dismiss this petition and to quash the order to show cause.

On October 28, 1947, the District Court entered an order vacating and quashing its order of May 14, 1947, to show cause, sustaining the defendants' motion to dismiss, and denying the plaintiffs' petition. The plaintiffs have appealed from this order.

The affidavits attached to the petition showed that the plaintiffs had had certain customers send orders to the defendants for "Singer parts" by number and description. The defendants filled these orders in large measure by substituting for "Singer parts" parts manufactured by others than Singer Manufacturing Company, and in some instances by substituting an entirely different number from that ordered. It further appeared from the affidavits that only an expert experienced in the manufacture of sewing machine parts could tell by an ordinary examination who made the parts.

The cause was submitted to the court on this petition and attached affidavits and on the defendants' motion to quash and vacate the order and dismiss the petition. Some oral testimony of two witnesses was taken on a matter not pertinent to the contempt alleged in the petition. Certain papers presented to the court in the original trial, with an affidavit of the defendants' attorney attached, were filed in the office of the Clerk of the District Court September 25, 1944. The defendants' counsel thereafter designated those papers to be included in the record on this appeal. Such papers do not appear to have been before the District Court in the contempt

268

proceedings and are not part of the record here.

■ This is a contempt case based upon the order as written and not as it might have been written. It does not concern another judgment on the same facts between the same parties, so as to involve the doctrine of res adjudicata, as the defendants so earnestly insisted. It is only a question of what *this judgment* or *decree* as written means by the plain intendment of the words used. Terminal R. R. Ass'n v. United States, 266 U.S. 17, 45 S.Ct. 5, 69 L.Ed. 150.

The issue that was before the court was one of unfair competition. The court found as a basis of its judgment that the "Defendants have advertised and sold as 'Singer parts' and 'Genuine Singer parts', parts not manufactured by plaintiff 'The Singer Manufacturing Company.'" The defendants had been found guilty of a plain case of palming off. This the court sought to stop by enjoining the defendants from "Advertising, offering for sale, or selling as 'Singer parts' or 'Genuine Singer parts' any sewing machine parts not manufactured by The Singer Manufacturing Company." The defendants do not deny that they substituted other parts for Singer parts when the latter were ordered. The defendants attempt to save themselves from a violation of the order by pointing to a note at the bottom of each invoice which reads as follows:

"Where a substitution is made, you will please understand that we are doing it to help you out—that the number you wanted wasn't available anywhere.

"Also note this: We do not depend on one source of supply. We go anywhere and everywhere to give our customers the best possible service.

"You are under no obligation to keep any items that are not entirely satisfactory."

This note was in such small type that it was very difficult to read without a reading glass. It will be observed that this note does not say a substitution *had been made*. It required a comparison of the order with the invoice to discover the substitution, and then the substitutions were discoverable by the ordinary purchaser only where another number had been substituted. This was not as bold pirating and as openly fraudulent as the custom of selling to the purchaser "X" articles as and for "Y" articles.

When one orders parts by name of manufacturer, number, and description, he has a right to have his order filled as given, and if substitutions are made in circumstances calculated to lead the purchaser to believe he is getting what he orders when he is not, it is not only a fraud upon the purchaser but also upon the manufacturer of the goods ordered for which the substitution was made. This was palming off, thinly disguised.

■ In the instant case, it seems to us that the record is clear that the defendants were "offering for sale" some parts other than "Singer parts" by means of substitution in a conscious effort to mislead the purchaser into believing his order for "Singer parts" was being filled with "Singer parts." We think the decree was clearly susceptible of the construction that it enjoined the defendants from engaging in their method of substitution. We look only at the decree as written, the nature of the proceeding in general, and the specific findings upon which the decree is based, not to vary what the decree provides, but only to understand and apply it. On this record, we think the defendants have violated the decree.

The District Court evidently accepted the defendants' contention in the contempt proceedings that the defendants' method of substitution was not intended to be covered by its decree of September 25, 1944, since the court in its order of October 28, 1947, "finds that the issues raised by the plaintiffs' petition was fully heard and decided adversely to plaintiffs prior to and at the time of the entry of the Decree herein on September 25, 1944." Of course, we do not know what was presented and decided in that record except what the court put in its decree. Only the court's decree and the defendants' conduct are before us in this case

for contempt. There is no question here of what the court might have provided or intended to provide. The only question we have is *what the court did provide*.

We do not intimate what the court's judgment should be on the petition. We decide only that the defendants' conduct violated the order as written. The judgment of the District Court is reversed and the cause remanded to the District Court with directions to proceed in accordance with this opinion.