The SEVEN–UP COMPANY, a corporation,

v.

The BLUE NOTE, Inc., a corporation.

No. 57 C 208.

United States District Court
N. D. Illinois.
Feb. 11, 1958.

Woodson, Pattishall & Garner, Chicago, Ill., for plaintiff.

Sidney R. Zatz, Jack H. Oppenheim, Henry J. Shames, Chicago, Ill., for defendant.

JULIUS J. HOFFMAN, District Judge.

The plaintiff, The Seven-Up Company, owns the registered trade-mark for the beverage "Seven-Up." The defendant, Blue-Note, Inc., operates a restaurant and place of entertainment at 3–7 N. Clark Street, in Chicago. This action was brought for damages and injunctive relief against the defendant's alleged practice of passing off as "Seven-Up," to customers requesting that drink, a beverage other than the plaintiff's product.

The plaintiff has moved for a preliminary injunction restraining the averred passing-off practices of the defendant during the pendency of this cause. The plaintiff contends that the acts of the Blue Note constitute unfair competition and threaten continuing and irreparable damage to the plaintiff's good will.

The principal ground upon which the defendant opposes the plaintiff's motion for a preliminary injunction is that the federal court has no jurisdiction over this cause. The action is brought as a diversity case under the provisions of 28 U.S.C. § 1332, and the defendant argues that the jurisdictional amount required by that section has not been established. The defendant points out that while the complaint asserts that the amount in controversy exceeds the sum of $3,000, exclusive of interest and costs, the only averments in support of this statement are those alleging that the value of the good will of the plaintiff is greatly in excess of the required jurisdictional amount. The defendant contends, on the basis of Seagram-Distillers Corp. v. New Cut Rate Liquors, Inc., 7 Cir., 1957, 245 F.2d 453, certiorari denied 1957, 355 U.S. 837, 78 S.Ct. 61, 2 L.Ed.2d 48, that the value of the plaintiff's good will is not the measure properly to be employed in determining the existence of the necessary amount in controversy; rather, it is argued, the plaintiff is not properly before the federal court until it has established that the damage allegedly sustained or threatened by the conduct of the defendant exceeds the sum required to confer jurisdiction upon the court.

The defendant's position must be sustained. In the Seagram case, supra, the

Court of Appeals for the Seventh Circuit held that in an action seeking injunctive relief against violation by the defendant of the plaintiff's fair trade prices the measure to be used in determining the existence of the jurisdictional amount is the extent of the injury to good will caused or threatened by the defendant's actions, and not the value of the good will sought to be protected in the suit. The court reasoned that the extent of the injury was the proper measure inasmuch as the action was predicated upon a theory of damages, rather than upon a theory of total destruction. It states that:

"* * * when the $3,000 requisite for jurisdiction is challenged in an action brought in a federal court for the protection of a right belonging to plaintiff, there is an important distinction between two classes of diversity cases.

"In one class (which we shall call class A), a plaintiff charges wrongful acts by a defendant, or by several defendants acting jointly, which have, or will, injure or damage a right for which plaintiff seeks protection. In such a case, if plaintiff shows that the alleged *injury or damage* caused or threatened by a defendant, or by several defendants acting jointly, amounts to at least $3,000, the federal court has jurisdiction.

"In the other class of diversity cases (which we shall call class B), a plaintiff charges wrongful acts by a defendant, or by several defendants acting jointly, which, if not prevented, will completely deny or destroy the right for which plaintiff seeks protection. In such a case, if plaintiff shows that the right is worth at least $3,000, the federal court has jurisdiction." 245 F.2d at page 455.

The instant action is one which falls within the "class A" category discussed in the Seagram case. The complaint asserts that the defendant's alleged acts of passing off other beverages for that of the plaintiff have damaged, and threaten further to damage, the plaintiff's good will; it is not claimed that the defendant's actions will cause the total destruction of this asset of the plaintiff. It was stated in the Seagram case: "Defendants' acts did not prevent plaintiff from using its good will in the conduct of its business. The damage to plaintiff's good will caused or threatened by defendants' acts is the subject of controversy in this case." 245 F.2d at page 458. The plaintiff can establish its required jurisdictional facts only by showing "that the alleged injury or damage caused or threatened by defendant * * * amount to at least $3,000."

The plaintiff advances two lines of argument seeking to show that the court has jurisdiction over this cause. First, it contests the applicability of the Seagram holding to the present action, and second, it contends there are adequate federal grounds for jurisdiction under the Lanham Trade-Mark Act, 15 U.S.C.A. § 1051 et seq., entirely apart from diversity of citizenship.

I

The plaintiff makes several arguments contesting the principle that under the Seagram case it must show that its present or prospective damages from the defendant's conduct amounts to over $3,000.

(1) First, the plaintiff relies upon several authorities to support the position that the test of jurisdictional amount which is to be applied in this case is the value of the plaintiff's good will. Among these authorities are two Supreme Court cases, Glenwood Light and Water Co. v. Mutual Light, Heat and Power Co., 1915, 239 U.S. 121, 36 S.Ct. 30, 60 L.Ed. 174, and Bitterman v. Louisville and Nashville R. Co., 1907, 207 U.S. 205, 28 S.Ct. 91, 52 L.Ed. 171. These decisions, however, do not sustain the plaintiff's contention. The Glenwood Light case is entirely consistent with the Seagram decision and with the Supreme Court cases discussed therein;

the same can be said with respect to the actual holding of the Bitterman decision. The latter opinion does contain language which tends to support the plaintiff, but to the extent that it may stand for the view that the value of a business is the jurisdictional yardstick in an action for injury to the business, the case must be regarded as overruled by later Supreme Court decisions. See McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; KVOS, Inc., v. Associated Press, 1936, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183.

The plaintiff also relies upon a recent decision of the Court of Appeals for the Seventh Circuit, Snap-On Tools Corp. v. Winkenweder & Ladd, Inc., 7 Cir., 250 F.2d 154. It is argued that this case is authority for holding in the instant action that the total value of the good will of "Seven-Up" is the proper jurisdictional measure. The Snap-On case was a suit for unfair competition based upon trade-mark and trade-name infringement, and the court held that the action was a "class B" suit, as that class was described in the Seagram opinion.

The Snap-On case is not a precedent for holding that the instant suit constitutes a "class B" action. Although the court did not elaborate its reasons for finding that a "class B" situation was there involved, it seems reasonable to assume that the finding was based upon the fact that the action was one for trade-mark and trade-name infringement. Thus, the right for which the plaintiff was seeking protection was the right to exclusive use of its name. See Harvey v. American Coal Co., 7 Cir., 1931, 50 F.2d 832. The actions of the defendant threatened destruction, not damage, to this right.

The present suit seeks redress against alleged unfair competition by the defendant; however, this fact alone does not create a "class B" case. See KVOS, Inc., v. Associated Press, supra, an unfair competition suit, where the yardstick was damage. Here, the plaintiff is suing for relief from the damage to its good will caused or threatened by the defend-ant's alleged passing-off practices. None of the allegations of the complaint establishes that any property or right of the plaintiff is threatened with destruction, as opposed to damage.

The remaining cases cited by the plaintiff are Court of Appeals decisions which are not controlling to the extent to which they may be inconsistent with the Seagram case.

(2) Next, the plaintiff seeks to distinguish the Seagram decision on the ground that it involved merely the statutory right of the plaintiff to enforce its stipulated fair trade prices and did not concern alleged unfair competition perpetrated by the defendant through deceptive trading upon the good will of the plaintiff. It is further argued that the conduct of the defendant in the Seagram case did not result in a loss of sales by the plaintiff, whereas in the instant case the plaintiff suffers both a present loss each time the defendant passes off another beverage as "Seven-Up" and a prospective loss resulting from the customer's mistaken belief that the quality of the plaintiff's product has deteriorated.

The distinctions drawn by the plaintiff are not sufficient to take the present cause out of the rule of the Seagram case. Although that action, unlike the present one, was based upon the Illinois Fair Trade Act, Ill.Rev.St.1955, c. 121½, § 188 et seq., rather than upon a theory of passing off, each plaintiff sued for an injury to the good will of its business, and each claimed that the defendant's conduct would cause, or had resulted in, a curtailment of sales. See Seagram case, 245 F.2d at page 454. Moreover, the distinction drawn by the Seagram decision between the two classes of diversity actions was not concerned with the specific nature of the conduct of the defendant which caused injury to the plaintiff; rather it was concerned with whether or not that conduct allegedly threatened damage to the plaintiff's property or rights, on the one hand, or complete destruction thereof, on the other hand. In the present case, the

plaintiff asserts an injury to its good will, and therefore the case is within that class which requires a showing of the extent of the injury in order to establish the jurisdictional amount.

■ (3) Third, the plaintiff seeks to show that if the Seagram case is controlling, the present action is within "class B" which requires for the establishment of the jurisdictional amount only that the plaintiff show that the right for which protection is sought has a value exceeding $3,000. In this respect, the plaintiff asserts that its good will is threatened with complete destruction insofar as those customers are concerned whose business allegedly will be lost as the result of the defendant's conduct. Such destruction of the plaintiff's good will, however, is not the type which places the action within "class B" as described in the Seagram opinion. Loss of customers as the result of the acts of the defendant constitutes damage, only, to the plaintiff's good will. As stated in the Seagram case, "Defendants' acts did not prevent plaintiff from using its good will in the conduct of its business." 245 F.2d at page 458.

■ (4) Next, the plaintiff argues that if the instant case does fall within "class A" of the Seagram decision, the injury to the plaintiff's good will has been shown to exceed the sum of $3,000. Such injury, it is claimed, "must necessarily exceed $3,000 in the future, if, in fact, it has not already done so." (Pl's Reply Brief, p. 7.)

This contention can not support a finding of jurisdictional amount. The Seagram decision stated, with respect to a similar argument:

> "It is improper, in the absence of evidence of the amount of damage sustained or threatened, to look at the evidence of what was spent in building good will and then, if the amount be substantial, to surmise that the amount of the loss is $3,-000 or more. * * *" 245 F.2d at page 458.

The plaintiff has also submitted the Affidavit of Robert E. Joyce, President of the Chicago Seven-Up Bottling Company, the Chicago bottler for the plaintiff. In that affidavit, Mr. Joyce states that:

> "The continued passing off, upon orders for the beverage '7 Up,' of another beverage, not the genuine beverage '7 Up,' by defendant Blue Note, Inc. will result in substantial and irrevocable damage to The Seven-Up Company, caused by actual loss of sales, loss of customers, and by damage to the plaintiff's good will represented by its trademark '7 Up,' in an amount exceeding $3,000, exclusive of interest and costs."

It can not be held on the strength of this affidavit alone that the damage threatened to the plaintiff exceeds the sum of $3,000. The plaintiff has the burden of proving that it is properly in the federal court. McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135. The statement of the affiant that the damage to the plaintiff's business exceeds the jurisdictional requirement is a mere conclusion. The Seagram case states that before jurisdiction can be held to exist, there must be *evidence* that the monetary value of the damage or injury to plaintiff's good will, sustained or threatened by defendants' acts, exceeds $3,-000." 245 F.2d at page 458. (Emphasis supplied.)

II

■ The plaintiff also seeks to avoid the effect of the Seagram case by asserting that jurisdiction over the present action does not rest solely upon diversity of citizenship. The plaintiff contends that the federal court has original jurisdiction over actions for unfair competition under the Lanham Trade-Mark Act, 15 U.S.C.A. § 1126, irrespective of the presence of a jurisdictional amount.

Although this contention has gained some acceptance in the federal courts, a number of cases have rejected the argument. The Court of Appeals for the

Seventh Circuit has recently ruled on this question, deciding adversely to the plaintiff. City Messenger of Hollywood, Inc. v. City Bonded Messenger Service, Inc., 7 Cir., 254 F.2d 531.

The plaintiff has failed to sustain its burden of establishing the existence of federal jurisdiction. Therefore, its motion for a temporary injunction must be denied, and the complaint is dismissed for want of jurisdiction.

An order has been entered in conformance with this memorandum.