**The COCA–COLA COMPANY, a corporation, Plaintiff,**

v.

**FOODS, INC., a corporation, trading as The Plains Lounge, Defendant.**

**The COCA–COLA COMPANY, a corporation, Plaintiff,**

v.

**Sam SERBICK and Mrs. Sam (Cleota) Serbick, individually and as co-partners trading as Sammy's Steak House, Defendants.**

**Civ. Nos. 1349, 1350.**

United States District Court
D. South Dakota, S. D.
Aug. 1, 1963.

---

M. T. Woods, of Woods, Fuller, Shultz & Smith, Sioux Falls, S. D., and Julius R. Lunsford, Jr., Atlanta, Ga., for plaintiff.

Ellsworth E. Evans, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., and John P. Sauer, of Churchill, Sauer & Manolis, Huron, S. D., for defendants.

MICKELSON, Chief Judge.

These actions are brought by The Coca-Cola Company, a corporation, incorporated under the laws of the State of Delaware and having its principal place of business in either New York, New York, or Atlanta, Georgia, against Foods, Inc., a corporation trading as The Plains Lounge, a South Dakota corporation and citizen of said state, operating its place of business at Huron, South Dakota,

hereinafter referred to as The Plains, in the one case; and in the companion case, against Sam Serbick and Mrs. Sam (Cleota) Serbick, individually and as co-partners trading as Sammy's Steak House, citizens of the State of South Dakota and operating a place of business also in the City of Huron, South Dakota, hereinafter referred to as Serbicks. In plaintiff's complaints in both cases, it is alleged that the jurisdiction of this court rests upon the following grounds: (a) that it is a civil action under the trade-mark laws of the United States, viz., The Trade-Mark Act of July 5, 1946; 60 Stat. 427; 15 U.S.C.A. § 1051 ff.; and 28 U.S.C.A. § 1338. It is averred that the defendants have substituted and passed off, and are now substituting and pass-ing off, a product other than plaintiff's when plaintiff's product had been or-dered; that these acts constitute trade-mark infringement and unfair competi-tion and result in irreparable injury and damage to the plaintiff; (b) plaintiff and defendants are citizens of different states, and the matter in controversy exceeds the sum or value of $10,000.00, exclusive of interest and costs. The prayer for re-lief asks for a permanent injunction, and for profits and damages, costs and gen-eral relief. Prior to the trial of each of these cases, plaintiff withdrew from its claim for relief everything except for a permanent injunction.

Plaintiff manufactures and sells throughout the United States, including the State of South Dakota, and in foreign countries, a soft drink syrup and bev-erage made therefrom, under its trade-marks "Coca-Cola" and "Coke", which trademarks are registered in the United States Patent Office and in the State of South Dakota.

The answers in both cases ask that the complaints be dismissed on the grounds that they fail to state a claim upon which relief can be granted, and that this court lacks jurisdiction, and further, defend-ants deny that they substituted and passed off, and are now substituting and passing off, a product other than plain-tiff's when plaintiff's product had been ordered, and deny any trademark in-fringement and unfair competition.

The evidence shows that from October 12, 1960, through December 10, 1962, the defendant, The Plains, substituted an-other beverage in response to orders for plaintiff's registered trademark product, "Coke" or "Coca-Cola", 25 times without informing the purchaser of such substi-tutions. Defendants, Serbicks, substi-tuted 25 times in a similar manner from March 28, 1960, through December 11, 1962. The employees taking the orders confirmed an order by responding "Coke" at The Plains on October 12th and 13th, 1960, and July 17, 1962, and at Serbicks on December 6th, 7th, 8th and 11th, 1962. Defendants were warned that these ac-tions were infringing on plaintiff's regis-tered trademark and were unfair compe-tition, by personal calls made by the rep-resentatives of the trade research depart-ment of Coca-Cola and registered letters which followed said visits. The substi-tutions were continued after said notices.

Plaintiff has shown that the total ship-ments of Coca-Cola into South Dakota from 1923 through 1962 were in excess of five million gallons of syrup. Plain-tiff has shown that the total advertising expense for Coca-Cola for the year 1960 was over $49,000,000, 1961 over $50,000,-000, and 1962 over $57,000,000. Plaintiff has also shown that its trade research department has an annual budget of about $250,000; said department's func-tion being to protect the registered trade-marks and the goodwill of the plaintiff from infringement and unfair competi-tion. Defendants had signs posted be-hind their bars or serving counters that read to the effect that "Coke" and "Coca-Cola" were not sold or served. The em-ployees of The Plains and Serbicks had been instructed to tell customers who asked for "Coke" or "Coca-Cola" that they did not serve same, but served "Royal Crown Cola".

Defendants' substituting of an-other product in response to a request for plaintiff's trademarked product, "Coke" or "Coca-Cola", without notice to the purchaser that the product served

was not in fact that of the plaintiff and on occasion repeating the order, is called "palming off" or "passing off." Such acts are an infringement of plaintiff's lawfully registered trademark and are unfair competition. The Coca-Cola Co. v. Armbruster, 136 U.S.P.Q. 263 (1963); The Upjohn Co. v. Katz, 116 U.S.P.Q. 578 (1958); DuPont Cellophane Co. v. Waxed Products Co., 6 F.Supp. 859 (E.D. N.Y.), decree modified on other grounds 85 F.2d 75 (2 Cir.), cert. den. 299 U.S. 601, 57 S.Ct. 194, 81 L.Ed. 443 (1936); Winthrop Chemical Co. v. Weinberg, 60 F.2d 461 (3 Cir. 1932); N. K. Fairbanks Co. v. Dunn, 126 F. 227 (N.D.N.Y.1903); American Fibre Chamois Co. v. De Lee, 67 F. 329 (N.D.Ill.1895); Enoch Morgan's Sons Co. v. Wendover, 43 F. 420, 10 L.R.A. 283 (N.J.1890); Restatement, Torts sec. 727, comment b.

■ Plaintiff alleges jurisdiction in these actions under the provisions of 15 U.S.C. §§ 1051–1127 (Lanham Act of 1946); 28 U.S.C. 1338(b); and 28 U.S. C. § 1332. The defendants have challenged this court's jurisdiction.

15 U.S.C. § 1121 provides:

"The district and territorial courts of the United States shall have original jurisdiction and the courts of appeal of the United States shall have appellate jurisdiction, of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties."

Defendants contend that plaintiff abandoned the cause of action for trademark infringement when plaintiff withdrew its demand for damages and loss of profits and prayed only for injunctive relief, thereby leaving only the cause of action for unfair competition, and removed the cause of action from the provisions of the Lanham Act, where diversity and amount in controversy are not required. This contention is not valid. As stated previously, the acts of the defendants constitute both trademark infringement and unfair competition. The withdrawal of the demand for damages and loss of

profits is immaterial to a cause of action for injunctive relief under the Lanham Act, 15 U.S.C. § 1116, " * * * to prevent the violation of any right of the registrant of a mark registered in the Patent Office."

■ Defendants further contend that the acts in question did not occur in "commerce" as required by 15 U.S.C. § 1114 and as defined by 15 U.S.C. § 1127: "The word 'commerce' means all commerce which may lawfully be regulated by Congress. * * *" Although there is contra authority in other circuits, our circuit has held in Iowa Farmers Union v. Farmer's Educational and Cooperative Union, 150 F.Supp. 422 (S.D.Iowa), 247 F.2d 809 (8 Cir. 1957); and Time Inc. v. Life Television Corp., 123 F.Supp. 470 (Minn.1954), that if the intrastate character of defendant's business affects the interstate business of the plaintiff, the court has jurisdiction under the Lanham Act. On this point, the case of Maternally Yours, Inc., v. Your Maternity Shop, Inc., 234 F.2d 538 (2 Cir. 1956), is of particular significance. In that case, both plaintiff and defendant were engaged in the business of maternity shops in New York City. Plaintiff had applied for a registered trademark in 1945 and received same in 1949 for "Maternally Yours". The only evidence of use of such trademark in interstate commerce prior to application was one sale to a resident of New Jersey delivered through the U.S. mail. This, coupled with an intent to continue such use, was held sufficient to satisfy the requirements of interstate commerce in relation to the registration of a trademark. By 1954, plaintiff had ten shops in the Metropolitan New York area, and defendant had four shops in the same area and one in Philadelphia, Pennsylvania. The only connection with interstate commerce was the plaintiff's statement contained in its application for registration. The acts complained of occurred wholly in intrastate commerce, as was virtually the whole of plaintiff's business. The court granted injunctive relief, holding that there was an infringement and unfair competition. With such

a tenuous showing of commerce in Maternally Yours held sufficient under the Lanham Act, it would be incongruous for this court to find no connection with commerce in the cases at bar, where the plaintiff annually does millions of dollars worth of business in interstate commerce.

28 U.S.C. § 1338(b) provides:

"The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trademark laws."

Because of our findings of trademark infringement, this court has jurisdiction of the unfair competition claim which arises out of the same set of facts. Nissen Trampoline Co. v. International Trampo-line Manufacturers, Inc., 190 F.Supp. 238 (E.D.N.Y.1960); Fry v. Layne-Western Co., 174 F.Supp. 621 (W.D.Mo.), 282 F.2d 97 (8 Cir. 1960); Maternally Yours, Inc., v. Your Maternity Shop, Inc., supra. Even if it would be found by this court that there has been no infringement, there would still be jurisdiction over the related and arising out of the same transactions claim of unfair competition. Nissen Trampoline Co. v. International Tram-po-line Manufacturers, Inc., supra; Chester Barrie, Ltd. v. Chester Laurie, Ltd., 189 F.Supp. 98 (S.D.N.Y.1960); Gamlen Chemical Co. v. Gamlen, 79 F.Supp. 622 (W.D.Pa.1948).

28 U.S.C. § 1332 provides:

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

"(1) citizens of different States;
*  *  *  ."

Defendants have challenged jurisdiction under this statute on the basis of a lack of amount in controversy. Defendants maintain that when plaintiff withdrew its claim for damages and loss of profits, there was no longer any requisite amount in controversy. This court holds that there is a sufficient amount in controversy where the plaintiff is seeking injunctive relief to protect its trademark and goodwill. Such goodwill has been shown to have a value in excess of the $10,000 requirement, with an uncontroverted showing of millions of gallons of Coca-Cola sold in South Dakota, over $156,000,000 worth of advertising expense in the last three years, and an operating budget of about $250,000 for its trade research department, which takes steps to protect Coca-Cola's registered trademarks and its goodwill. Defendants place great reliance upon and ask this court to follow the case of Seven-Up Co. v. Blue Note, Inc., 159 F.Supp. 248 (N.D.Ill.), aff'd. 260 F.2d 584 (7 Cir. 1958), cert. den. 359 U.S. 966, 79 S.Ct. 878, 3 L.Ed.2d 835, (1959). The part of Seven-Up relied upon by defendants is the holding that in the absence of any allegation of destruction of plaintiff's goodwill, an allegation only of damage to the goodwill would allow only the amount of such damage to be the yardstick in determining the amount in controversy. Therefore, defendants contend, if the damages are not being pursued as an element of recovery, this court does not have jurisdiction. However, also included in the Seven-Up decision, 159 F.Supp. 248 at p. 250, is the statement that if it is charged that defendant's wrongful acts will destroy the right for which plaintiff seeks protection and that such right has a value that meets the jurisdictional requirement as to the amount in controversy, the court will have jurisdiction. Plaintiff's complaint alleges that " *  *  * unless the acts of the defendant are restrained, Plaintiff's goodwill and trademarks will be greatly damaged, if not totally destroyed." Therefore, the Seven-Up case and the cases at bar are distinguishable. Also to be noted is that there was no allegation of infringement under the provisions of the Lanham Act in the Seven-Up case as we have in these cases. The Seven-Up case was based on a previous decision of the Seventh Circuit Court, Seagram-Distillers Corp. v. New Cut Rate Liquors, Inc., 245 F.2d 453 (7 Cir.), cert. den. 355 U.S. 837, 78 S.Ct. 61, 2 L.

Ed.2d 48 (1957). Seven-Up is against the general rule and the weight of authority.

In injunctive proceedings, the jurisdictional amount turns on the value of the right to be protected; Cyclopedia of Federal Procedure sec. 2.206 at p. 363; Moore's Federal Practice sec. .096(2) at p. 870; Barron and Holtzoff, Federal Practice and Procedure sec. 24 at p. 111.

Our own Court of Appeals has held that it was the value of the goodwill which determined the jurisdictional amount in controversy. Hanson v. Triangle Publications, 65 F.Supp. 952 (E.D. Mo.), 163 F.2d 74 (8 Cir. 1947). There are many other cases of similar holding. Audio Fidelity, Inc., v. High Fidelity Recordings, Inc., 283 F.2d 551 (9 Cir.), cert. den. 371 U.S. 934, 83 S.Ct. 309, 9 L.Ed. 2d 271 (1962); Dri Mark Products, Inc., v. Meyercord Co., 194 F.Supp. 536 (S.D. N.Y.1961); Ambassador East, Inc., v. Orsatti, Inc., 155 F.Supp. 937 (E.D.Pa.), 257 F.2d 79 (3 Cir. 1957). Youngs Rubber Corp. v. Dart Drug Corp. of Maryland, D.C., 175 F.Supp. 832 (Md.1959), specifically rejected the Seagram case as controlling precedent. Of particular significance is a recent decision of the Court of Appeals for the Third Circuit not yet reported, but carried by 32 U.S.Law Week 2045, Schering Corp. v. Sun Ray Drug Co., in which the court specifically refuses to follow the Seagram case, but based its holding on the question of amount in controversy on Ambassador East, Inc., v. Orsatti, Inc., supra.

The signs placed in the defendants' business establishments to the effect that they do not serve Coca-Cola are insufficient to constitute notice of the substitution of another product. The Coca-Cola Co. v. Scrivner, 117 U.S.P.Q. 394 (S.D.Calif.1958); Singer Mfg. Co. v. Golden, 171 F.2d 266 (7 Cir. 1948).

For all of the reasons heretofore stated, plaintiff is entitled to the injunctive relief sought.

Counsel for the plaintiff will prepare and submit to the Court separate findings of fact, conclusions of law, and judgment in each of these cases, upon five days notice to counsel for the defendants, in accordance with this memorandum decision.