The **COCA–COLA COMPANY**, a corporation, Plaintiff,

v.

**Ed E. DORRIS**, an individual doing business as Dorris House #1 and formerly doing business as Dorris House #2, Defendant.

**Civ. A. No. PB 68–C–72.**

United States District Court,
E. D. Arkansas,
Pine Bluff Division.

March 26, 1970.

Howard Cockrill, Cockrill, Laser, Mc-Gehee, Sharp & Boswell, Little Rock, Ark., John D. Goodloe and Julius R. Lunsford, Atlanta, Ga., for plaintiff.

R. A. Eilbott, Jr., Reinberger, Eilbott, Smith & Staten, Pine Bluff, Ark., for defendant.

## MEMORANDUM OPINION

OREN HARRIS, Chief Judge.

This action is brought by The Coca-Cola Company, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in either New York, New York or Atlanta, Georgia, against Ed E. Dorris, an individual doing business at 600 West 5th Avenue (Corner of 5th Avenue and Laurel Street) under the trade style DORRIS HOUSE #1, and formerly engaged in operating a place of business at 2301 West 28th Avenue under the trade style of DORRIS HOUSE #2, both in the City of Pine Bluff, Arkansas; the said defendant being a citizen of said City and State.

Plaintiff alleged that the jurisdiction of this court rests upon the following grounds: (a) that it is a civil action under the trademark laws of the United States, viz., The Trade-Mark Act of July 5, 1946, 60 Stat. 427, 15 U.S.C.A. Sec. 1051 ff., and 28 U.S.C.A. § 1338. It is averred that defendant has substituted and passed off, and is now substituting and passing off a product other than plaintiff's product identified by the registered trademarks "Coca-Cola" and "Coke", when said product is ordered; that these acts constitute trademark infringement and unfair competition and result in irreparable injury and damage to the plaintiff; (b) plaintiff and defendant are citizens of different states and the matter in controversy exceeds the sum or value of Ten Thousand ($10,000.00) Dollars exclusive of interest and costs. The prayer for relief asks for a permanent injunction, for profits, attorneys' fees, costs and general relief.

Plaintiff manufactures and sells throughout the United States and in foreign countries, a soft drink syrup and beverage made therefrom under its trademarks "Coca-Cola" and "Coke", which trademarks are registered in the United States Patent Office and in the State of Arkansas.

Defendant filed an answer in which he denied the passing off, denied trademark infringement and asked that the complaint be dismissed. In an amended answer and counterclaim defendant alleged that he ceased serving plaintiff's product about May 18, 1965 and has made every reasonable effort to advise the public that he does not sell plaintiff's product, that he has instructed all of his employees to advise customers ordering Coca-Cola and Coke that such product is not sold in defendant's establishment. Defendant's counterclaim alleged that representatives of plaintiff had harassed him in an effort to force him to handle plaintiff's product and made derogatory remarks about the product he was selling in lieu of Coca-Cola, in an effort to damage his trade and business and that he had suffered damage in excess of Ten Thousand ($10,000.00) Dollars.

The evidence shows that from January 27, 1966 through December 3, 1968, the defendant substituted another beverage in response to orders for plaintiff's registered trademarked product, "Coke" or "Coca-Cola" at least twenty-one (21) times at Dorris House #1 without informing the purchaser of said substitution. Eight substitutions were in response to orders for Coke and thirteen substitutions in response to orders for Coca-Cola. On one visit defendant's attendant confirmed the order by saying "Coke", and on another an attendant repeated "Coca-Cola". On at least four occasions the attendants identified the beverage served by writing on the guest checks "Coke". At Dorris House #2 there were three substitutions in August, 1967, one in response to an order for Coke and two in response to orders for Coca-Cola. In all instances at Dorris House #2 the beverage served was identified by writing "Coke" on the guest checks. Defendant was warned that these actions were infringing on plaintiff's registered trademarks and were unfair competition, by two personal visits made by the representatives of the Trade Research Department of

plaintiff and certified letters which followed said visits, and a third letter in lieu of another personal protest. The substitutions were continued after said notices—fifteen after the last visit and nine after the last letter.

Plaintiff has shown that the total shipments of Coca-Cola into Arkansas from 1923 through 1968 were in excess of sixty-eight million gallons of syrup. Plaintiff has shown that the total advertising expenditures for Coca-Cola was in excess of $750,000,000 from 1886 through 1968 in the United States. Defendant had signs posted in Dorris House #1 which read: "We do not serve coke or coca-cola (sic). We serve 'Dorris House' Cola." Defendant's employees had been instructed to tell customers ordering Coke or Coca-Cola that they did not serve same, but served Dorris House Cola. The evidence clearly shows that such instructions were not carried out. Defendant produced twenty-six consumer witnesses including the Chief of Police of Pine Bluff, who was the former manager of Dorris House #2, two Baptist ministers, two newspaper reporters, and employees of local automobile agencies who testified that they knew the defendant did not handle Coca-Cola and had heard oral explanation given to customers ordering plaintiff's product, but no exact nor precise dates were given. Plaintiff's evidence is overwhelming in its exactness and uniformity as to specific times and dates of substitution and certainly proves a prima facie case of passing off.

Defendant's substitution of another product in response to a request for plaintiff's trademarked product "Coke" or "Coca-Cola", without verbal notice to the purchaser that the product served was not in fact that of the plaintiff and on occasion repeating the order, and writing the trademark "Coke" on guest checks is called palming off, passing off or substitution. Such acts are an infringement of plaintiff's lawfully registered trademarks and are unfair competition. Coca-Cola Company v. Foods, Inc., 220 F.Supp. 101, 30 A.L.R.

2d 602, 5 A.L.R.3d 1078 (D.C.S.D. 1963); Coca-Cola Company v. Pace, 283 F.Supp. 291 (D.C.Ky. 1968); Upjohn Co. v. Katz, 116 U.S.P.Q. 578 (D.C.S.D. N.Y. 1958); DuPont Cellophane Co. v. Waxed Products Co., 6 F.Supp. 859 (E. D.N.Y.) decree modified on other grounds 85 F.2d 75 (C.A. 2) cert. denied 299 U.S. 601, 57 S.Ct. 194, 81 L.Ed. 443 (1936); Winthrop Chemical Co. v. Weinberg, 60 F.2d 461 (C.A. 3, 1932); N. K. Fairbanks Co. v. Dunn, 126 F. 227 (N.D.N.Y. 1903); American Fibre Chamois Co. v. DeLee, 67 F. 329 (N.D.Ill. 1895); Enoch Morgan's Sons Co. v. Wendover, 43 F. 420 (N.J. 1890); Restatement, Torts Sec. 727 Comment b.

■ The signs placed in the defendant's place of business to the effect that he does not serve Coca-Cola are insufficient to constitute notice of the substitution of another product. The law does not place a burden on the customer to look for signs to ascertain what products are sold or are not sold in the retail outlet. The customer must be orally advised that the specified product is not available and be given the opportunity to accept or reject the substitute product. Coca-Cola Company v. Foods, Inc., supra; Coca-Cola Company v. Scrivner, 117 U.S.P.Q. 394 (S.D.Calif. 1958); Coca-Cola Company v. Champas, 156 U. S.P.Q. 7 (E.D.Calif. 1967); Coca-Cola Company v. Bergstrom, 149 U.S.P.Q. 546 (D.Colo. 1966); The Coca-Cola Company v. O'Brien, 46 T.M.R. 114 (D.Colo. 1955); Singer Mfg. Co. v. Golden, 171 F.2d 266 (C.A. 7, 1948), Nims, Unfair Competition and Trade-Marks 4th Ed. Page 962: "When a customer asks for the goods of one manufacturer, the substitution of the product of another is unfair competition * * * substitution of any other goods is illegal, unless the customer understands that he is not getting what he ordered and assents thereto."

■ Defendant undertook in good faith to instruct his waitresses, attendants, and those serving his customers that only Dorris House Cola was being sold. It is well established however that good faith or lack of bad faith is no de-

fense in unfair competition and trademark infringement actions. "The question is what is the commercial effect of what he is doing? If the effect would be to pass off his goods as those of plaintiff, then his honesty of purpose or the absence of any intention to deceive is no defense." Cutler, Passing Off (1907) 5–6; 87 C.J.S. Trade-Marks, Trade-Names, and Unfair Competition § 92, p. 325; Coca-Cola Company v. Hughes Enterprises, Inc., 150 U.S.P.Q. 617 (E.D.Pa. 1966); Coca-Cola Company v. Bisignano, 145 U.S.P.Q. 375 (S.D. Iowa, 1965); Coca-Cola Company v. Gabriel, 152 U.S.P.Q. 207 (Ill.Cir.Ct. Macon County, 1966).

■ Similarly, the owner of a business is responsible for the manner in which that business is operated, and for the actions of his agents, servants, and employees, even though such acts may be directly contrary to instructions. Cutler, Passing Off, 71; Shapiro Bernstein & Co., Inc. v. Veltin, 47 F.Supp. 648 (W.D.La.1942); Coca-Cola Company v. Bergstrom, supra. The Supreme Court of the United States has enunciated this to be the universal rule, Philadelphia and Reading Railroad Company v. Derby, 55 U.S. (14 How) 468, 14 L.Ed. 502 (1852).

■ For the reasons stated herein, plaintiff is entitled to the injunctive relief sought. An order will be entered enjoining Ed E. Dorris, individually and doing business as Dorris House #1 and formerly doing business as Dorris House #2, enjoining and restraining said defendant, his agents, employees and servants, representatives, successors and assigns, and any and all persons acting by direction or under the authority of the defendant from passing off or substituting a soft drink of another manufacturer without oral explanation to the customer on calls or orders for "Coca-Cola" or "Coke" or from doing any other acts likely to infringe plaintiff's trademarks "Coca-Cola" or "Coke" or committing any other acts of unfair competition against the plaintiff.

The defendant has failed to submit any proof of any harassment, intimida-

tion, coercion, or any derogatory remarks on the part of plaintiff or any of its employees or representatives. The defendant's counterclaim should be dismissed for want of proof. However, there is evidence of uncomplimentary conduct and derogatory remarks on the part of unidentified salesmen engaged in distributing plaintiff's product to the retail trade. These overzealous salesmen, though not parties to this action here, annoyed the defendant, and their remarks and actions were uncalled for. Should such action be continued, though said salesmen are not under the control of plaintiff, the court will consider making them or their employers parties to this proceeding in order to prevent such activity.

## FINDINGS OF FACT

1. Plaintiff, The Coca-Cola Company, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in either New York, New York or Atlanta, Georgia.

2. The defendant, Ed E. Dorris, is a resident of Pine Bluff, Arkansas, where he is engaged in operating a retail establishment at 600 West 5th Avenue (5th at Laurel) under the trade style, Dorris House #1, and where he formerly operated a retail establishment at 2301 West 28th Avenue under the trade style, Dorris House #2.

3. The valid trademark "Coca-Cola" was, and now is, registered by the plaintiff in the United States Patent Office being Certificates Nos. 22,406; 47,189; 238,145 and 238,146. The valid trademark "Coke" was, and now is, registered by the plaintiff in the United States Patent Office, being Certificate No. 415,755. Said trademarks "Coca-Cola" and "Coke" were, and now are registered by plaintiff in the State of Arkansas; the said trademarks "Coca-Cola" and "Coke" were and now are the property of the plaintiff, and the soft drink syrup and beverage made therefrom, manufactured under plaintiff's said trademarks were and now are, sold throughout the United States and foreign countries; that plaintiff's product moves in interstate commerce.

4. The value of plaintiff's good will symbolized by its registered trademarks "Coca-Cola" and "Coke" is far in excess of Ten Thousand ($10,000.00) Dollars and such good will has been damaged as hereafter found by defendant's conduct, and that unless defendant's acts of passing off and substituting are restrained, plaintiff's good will and trademarks will likely be further damaged.

5. Plaintiff and its predecessors have used the trademark "Coca-Cola" to identify a soft drink continuously since May, 1886.

6. Plaintiff has used the trademark "Coke" to identify a soft drink continuously since December 10, 1941.

7. In response to calls for "Coca-Cola" and "Coke" defendant at his places of business has sold, substituted and passed off Dorris House Cola, a beverage similar in appearance to plaintiffs, but which is not plaintiff's, without oral explanation or comment and without taking sufficient effective action to inform the purchaser at the time of the sale the identity of the merchandise he was receiving and unless restrained will continue to do so.

8. Such substitution and passing off was and is likely to deceive the general public and the individual members thereof and has in fact deceived consumers.

9. Defendant infringed plaintiff's registered trademarks "Coca-Cola" and "Coke" through the use of those marks in confirming and verifying orders for plaintiff's product and by listing "Coke" on guest checks and by serving another product instead.

10. Said acts of substitution and passing off by the defendant constitute infringement of plaintiff's registered trademarks "Coca-Cola" and "Coke".

11. Defendant undertook in good faith to instruct his employees serving customers to advise them that only Dorris House Cola was being served to them.

12. On at least twenty-four (24) separate occasions between January 27, 1966 through December 3, 1968 inclusive defendant and his employees passed off or substituted without explanation or comment, on orders for "Coca-Cola" and "Coke" a product similar in appearance to plaintiff's beverage, but a product which was not plantiff's beverage.

13. On March 24, 1966, September 9, 1966 and September 21, 1967 plaintiff wrote defendant asking that he discontinue passing off· another soft drink in response to orders for "Coca-Cola" and "Coke". The letter dated September 9, 1966 was returned, marked "refused" and it was remailed on September 16, 1966. Defendant did not respond to any of the letters.

14. On two separate occasions representatives of the plaintiff called upon the defendant in an effort to persuade defendant to stop his aforesaid practice of passing off another soft drink in response to orders for "Coca-Cola" and "Coke".

15. After defendant was warned orally and in writing by plaintiff of the substitution at his places of business, the defendant failed to take the necessary and effective steps to put an end to the substitution.

16. The use by defendant of plaintiff's federally registered trademarks "Coca-Cola" and "Coke" is prejudicial to the integrity of plaintiff's trademarks, and if it continues will permit defendant and others to appropriate the valuable good will and reputation which plaintiff has created in said trademarks.

17. The signs placed in defendant's establishment to the effect that he serves only Dorris House Cola and does not serve Coca-Cola are insufficient to constitute notice of the substitution of another product and defendant did not discharge his duty to either serve Coca-Cola or orally explain that it was not available.

18. The matter in controversy exceeds, exclusive of interest and costs, the sum of Ten Thousand ($10,000.00) Dollars, and is between citizens of different states.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this action for trademark infringement and unfair competition under the trademark laws of the United States, 15 U.S.C.A. Sec. 1051 et seq. and under 28 U.S.C.A. Sec. 1338, and by virtue of diversity of citizenship of the parties and the amount in controversy and of the parties to this suit.

2. "Coca-Cola" and "Coke" are valid registered trademarks under the laws of the United States and the State of Arkansas.

3. Plaintiff is the owner of the valid trademarks "Coca-Cola" and "Coke" and entitled to their exclusive use, and only plaintiff's product can lawfully be sold under such trademarks.

4. The aforesaid acts of the defendant constitute unfair competition with the plaintiff.

5. The aforesaid acts of defendant infringe plaintiff's registered trademarks.

6. The acts and conduct of defendant are such that there is a reasonable likelihood that an appreciable number of defendant's customers would be deceived. This constitutes unfair competition with plaintiff and if not restrained will inflict irreparable injury on plaintiff.

7. Plaintiff is entitled to a permanent injunction restraining and enjoining defendant, his agents, employees, servants, representatives, successors and assigns, and any and all persons acting by direction or under the authority of defendant from selling or offering for sale in response to orders for "Coca-Cola" or "Coke", a soft drink of another manufacturer, without giving the customer verbal notice that a product other than plaintiff's is being sold or from doing any other acts likely to infringe plaintiff's trademarks "Coca-Cola" and "Coke", or committing any other acts of unfair competition against plaintiff.