## DEKTOR v. OVERBROOK NAT. BANK OF PHILADELPHIA et al.

### No. 5632.

Circuit Court of Appeals, Third Circuit.

March 26, 1935.

Reuben Levi, Henry A. Craig, and Maurice Levan, all of Philadelphia, Pa., for appellant.

Rawle & Henderson, of Philadelphia, Pa. (Thomas F. Mount, Joseph J. Dudley, John H. Lucas, and Joseph W. Henderson, all of Philadelphia, Pa., of counsel), for appellees.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

By this suit in assumpsit, Dektor, claiming to be a depositor in the Overbrook National Bank of Philadelphia, sought to recover $34,216.38 with interest because of a credit for that amount standing in his name on the books of the bank. The defendant bank filed an amended affidavit of defense admitting and denying certain averments of the plaintiff in certain paragraphs of his statement of claim and setting up a defense in effect that the credit was not personal to the plaintiff and not subject to his withdrawal but arose out of a transaction whereby a note of the plaintiff for $35,000 was required as additional security for an advance money mortgage agreement with the Commercial Advance Corporation, under which the plaintiff borrowed $78,000, secured by certain mortgages on real estate on which he was about to erect houses; that the bank agreed to purchase a $35,000 first interest in the mortgages; that it was agreed that the proceeds of the note should be held in a special account known as "Abraham Dektor Building Account" and be paid to the Commercial Advance Corporation from time to time as the construction advanced and until the properties had attained a value of $70,000; that pursuant to the agreement "charge orders" were made against the account until exhausted; but that the account was not a regular account in which the plaintiff had an interest other than under the agreement.

The case was not tried on evidence but entirely on the averments of the plaintiff's statement of claim and on the defendants' admissions and denials in their affidavit of defense conformably with Pennsylvania practice. Buehler v. United States Fashion Plate Co., 269 Pa. 428, 112 A. 632. Each party moved for a directed verdict, and on this submission the trial court, under authority of Beuttell v. Magone, 157 U. S. 154, 15 S. Ct. 566, 39 L. Ed. 654, set about to find the facts from the averments of the pleadings, admitted and denied. The learned trial judge, who was thoroughly familiar with Pennsylvania law, was unable on all the defendants' admissions and denials to find remaining in the plaintiff's statement of claim facts to support an implied contract with the bank necessary for him to recover. Accordingly he entered judgment for the defendants. On the plaintiff's appeal we have looked into the meticulously careful examination made by the learned trial judge in his search for admitted facts in the pleadings and for facts, not disputed, on which a judgment might be entered in favor of the plaintiff. For the plaintiff to recover there must stand out of a. rather confused situation undisputed facts sufficient to support an implied contract on the part of the bank to pay him the amount of the book credit which was dispersed to the Advance Corporation. The learned trial judge was not able to make such a finding. Nor are we. As lack of such a finding is negatively a finding of fact, which concludes the parties under dual motions for directed verdicts, Beuttell v. Magone, supra, the only ground for reversal would be error of law. We find none. Subscribing to the reasoning of the learned trial judge and referring to his opinion for the theory on which this case, containing no law of general interest, was decided, we direct that the judgment be affirmed.