**WILHARTZ v. TURCO PRODUCTS, Inc.**

No. 9198.

Circuit Court of Appeals, Seventh Circuit.

Dec. 23, 1947.

Edward S. Rogers, Attorneys for Defendant-Counterclaimant-Appellant.

William T. Woodson and Beverly W. Pattishall, both of Chicago, Ill., and Collins Mason, of Los Angeles, Cal., for appellant.

Samuel E. Hirsch, Julian H. Levi and William Ruger, all of Chicago, Ill., for appellee.

732

Wilhartz & Hirsch, Attorneys for plaintiff-appellee.

Before EVANS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The plaintiff filed a complaint against the defendant for a declaratory judgment as to the right of the plaintiff to use the words "Auto Shampoo" and for an injunction against the defendant's interference with the plaintiff's use thereof. The defendant filed an answer and counterclaim in which it claimed valid Federal trade-marks registered as to "Auto Shampoo" and "Car Shampoo," the registration of the latter under the law of Illinois, infringement by the plaintiff of both marks by the use of "Hurricane Auto Shampoo" in the marketing of an automobile cleanser or cleaning compound, and with unfair competition. The District Court concluded that the trade-marks were invalid because descriptive, and that the plaintiff was not guilty of unfair competition. The court gave judgment for the plaintiff on his complaint, enjoining the defendant from interfering with the plaintiff's use of the words "Hurricane Auto Shampoo," and dismissed the counterclaim. From this judgment, the defendant has appealed.

The plaintiff, doing business as Lakeside Products, manufactures and sells, among other products, a product used in cleaning and washing automobiles, under the trade-name and label "Hurricane Auto Shampoo."

The defendant is engaged in the manufacture and sale of an automobile washing compound in liquid form which may be sprayed by a pressure mechanism or used by hand application. This product of the defendant is one of several hundred which it manufactures and sells. It is usually sold in drums to service stations that wash automobiles. With its trade-marks the defendant also registered its corporate name "Turco" in association with a picture of a turbaned head of a Turk, overhung by a large scimitar The word "Turco" and the turbaned head and scimitar are the dominating features of the defendant's advertising and labels. Below the word "Tur-

co" and the design are printed or pasted on separate strips in smaller print the descriptive words used to identify the nature of the product, as in the instant case "Auto Shampoo" or "Car Shampoo." The United States Patent Office twice refused the defendant registration of the words "Auto Shampoo" and "Car Shampoo" as merely descriptive. By further representations to the Patent Office that "Auto" suggested instantaneous action, while "Shampoo" as used in both marks suggested a foaming, bubbling action as the result of the application by a spray mechanism at a substantial distance, the application for registration was allowed.

The first question presented to us is the validity of the defendant's claimed trade-marks "Auto Shampoo" and "Car Shampoo." The Federal trade-marks were issued pursuant to the Act of 1905, 15 U.S.C.A. § 81 et seq. Under this Act merely descriptive words could not be the subject of a valid trade-mark. How the further representations of the defendant, after the Patent Office had twice refused registration, avoided the objection that the words were descriptive is not apparent to us. Nevertheless, the Patent Office registered the trade-marks. Under such circumstances, the presumption of validity attending such registered trade-marks is easily overcome. That such additional representations were a subterfuge or hoax is made apparent by the testimony of the vice president of the defendant company that he had never heard of such claims until the trial, that the mechanism was for the purpose of increasing output, and that the product had been and could be used as effectively without the mechanism. He testified also that many customers never used the applicator and that its use had nothing to do with the trade-mark.

"Auto Shampoo" and "Car Shampoo" have no subtle or fanciful meaning to us. "Auto" and "Car" when used with "Shampoo" suggest only one thing to our minds, namely, some preparation for washing an automobile. These words are merely descriptive of the product to which the defendant has applied them. This seems quite apparent to us from the use made of the word "Turco" and the associated im-

ages which predominate the design and on which design in smaller letters below are printed or pasted the words "Auto Shampoo" or "Car Shampoo." For what purpose is this done? For the obvious purpose of describing the nature of the defendant's product. "Turco" and the Turk's head and the scimitar are used to designate hundreds of the defendant's products. The identifying descriptive words applying to the various products are inserted in less conspicuous type. Such words, so obviously merely descriptive, cannot be the subject of a valid trade-mark. William R. Warner & Co. v. Eli Lilly & Co., 265 U.S. 526, 44 S.Ct. 615, 68 L.Ed. 1161; Skinner Mfg. Co. v. Kellogg Sales Co., 8 Cir., 143 F.2d 895.

■ As to unfair competition, the law of Illinois controls. The essence of unfair competition is fraud. DeLong Hook and Eye Company v. Hump Hairpin Manufacturing Company, 297 Ill. 359, 371, 130 N.E. 765, 769, 770. We have held the trade-marks "Auto Shampoo" and "Car Shampoo" invalid and, being invalid, the defendant had no right to pre-empt their use. The use by the plaintiff of the words "Auto Shampoo" in his brand "Hurricane Auto Shampoo" is a permissible use. It can become unfair competition only when, first, the name is misused in such a manner as to deceive or probably deceive the public into believing the plaintiff's goods are the defendant's, Kellogg Company v. National Biscuit Company, 305 U.S. 111, 59 S.Ct. 109, 83 L.Ed. 73; Quaker Oats Co. v. General Mills, Inc., 7 Cir., 134 F.2d 429; DeLong Hook and Eye Company v. Hump Hairpin Manufacturing Company, supra; or secondly, where the name has acquired a secondary meaning.

■ There is no finding or evidence to support a finding of the palming off or likelihood of confusion as to the source of the plaintiff's product in the use he makes of the words "Auto Shampoo." The plaintiff's product is a powder sold largely for individual use in small containers of one or two pounds. The packages and the labels and advertising relating thereto accentuate in large type the word "Hurricane" followed in smaller, less conspicuous type by the words "Auto Shampoo." In the packaging, marketing, and advertising of the plaintiff's product there is not even a remote resemblance to the defendant's product, which is sold in drums to a different class of customers and under the "Turco" mark which completely differentiates the two products.

■ If the words "Auto Shampoo" or "Car Shampoo" had acquired a secondary meaning, the fact that the defendant had no valid trade-mark for these words would not necessarily mean that there was no unfair competition. The use of the words themselves, after they have acquired a secondary meaning, upon similar products in a competitive area, would be a misuse of the words and unfair competition. "A merely descriptive term or the name of a person or place may have become associated with a particular kind of goods or the product of a particular manufacturer in such a way that merely attaching the word to an article of the same kind would amount to a misrepresentation as to the origin of the article." DeLong-Hook and Eye Company v. Hump Hairpin Manufacturing Company, supra, 297 Ill. at pages 365, 366, 130 N.E. at page 768. It is identity of words with source which gives secondary meaning. National Mineral Co. v. Bourjois, Inc., 7 Cir., 62 F.2d 1, 3; Nestor Johnson Manufacturing Company v. Alfred Johnson Skate Company, 313 Ill. 106, 144 N.E. 787; O'Cedar Corporation v. S. S. Kresge Company, 259 Ill.App. 396.

■ The court failed to find, as the defendant urged it to do, that "Auto Shampoo" or "Car Shampoo" had acquired a secondary meaning. The defendant had the burden of proof on this issue (DeLong Hook and Eye Company v. Hump Hairpin Manufacturing Company, supra, 297 Ill. at page 369, 130 N.E. at page 765) and a failure of the court to find that the words had acquired a secondary meaning was a finding that the words had not acquired such meaning. Dektor v. Overbrook National Bank of Philadelphia et al., 3 Cir., 77 F.2d 491, 492; 64 C.J. 1079.

■ We find no evidence in the record that would compel a different conclusion. There is substantial evidence in the record to support the District Court's finding, and it is not clearly erroneous. The witnesses

seemed to associate the defendant's product with the dominating mark "Turco" and not "Auto Shampoo" or "Car Shampoo." There was no such showing as to secondary meaning as would warrant us in reversing the District Court for failure to so find.

We find no error in the record, and the judgment of the District Court is affirmed.