**CATALINA, INC., Plaintiff,**

**v.**

**GEM SWIMWEAR, INC., Defendant.**

United States District Court
S. D. New York.

June 11, 1958.

David M. Levitan, New York City, for plaintiff.

Smith & Auslander, New York City, for defendant.

EDELSTEIN, District Judge.

This is a motion by plaintiff under 28 U.S.C. § 1447(c) to remand an action removed from the New York Supreme Court, New York County. The action is one for injunctive relief, alleging acts of unfair competition resulting from the defendant's manufacturing and selling certain swimsuits said to be slavish copies of plaintiff's products. The peti-

tion for removal[1] sets forth that the complaint alleges, among others, a cause of action for copyright infringement and another for violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), 15 U.S.C.A. § 1125(a), thereby presenting claims within the original jurisdiction of this court, 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121, 15 U.S.C.A. § 1121. There is no diversity of citizenship.

■. An examination of the complaint discloses that the plaintiff has not pleaded a cause of action for copyright infringement. Reference to a copyright is made, but plaintiff does not allege that it is the copyright proprietor. In fact the copyright is alleged to be one registered by a third party, by whom it was confined for plaintiff's use, and the reference to it is made merely to demonstrate that the product incorporated an original fabric pattern and design which contributed to its distinctiveness. Nor can the complaint be taken as pleading equitable ownership of the copyright in the plaintiff. See Hoffman v. Santly-Joy, Inc., D.C., 51 F.Supp. 778.

■ But one of the six causes of action does allege a violation of § 43(a) of the Lanham Act. The defendant argues that this section creates a federal right of action within the original jurisdiction of the federal courts. Indeed the plaintiff asserts that it believes, in good faith, that it should be accorded relief under the Lanham Act, but that the Court of Appeals for this Circuit has not yet ruled on the issue. The Court of Appeals for the Third Circuit has held, in L'Aiglon Apparel v. Lana Lobell, Inc., 214 F.2d 649, 651, that Section 43(a) of the Lanham Act is a provision which "with clarity and precision adequate for judicial administration, creates and defines rights and duties and provides for their vindication in the federal courts." Section 39, 15 U.S.C. § 1121, 15 U.S.C.A. § 1121, makes it unnecessary to show diversity of citizenship or any jurisdictional amount. It is true that the Court of Appeals for the Second Circuit has not yet passed on the issue, but Chief Judge Clark, concurring in Maternally Yours, Inc., v. Your Maternity Shop, 2 Cir., 234 F.2d 538, 546, cited the L'Aiglon case with approval and referred to "the clear federal jurisdiction arising under the new and quite extensive provision covering the false description or representation of goods introduced into commerce. Lanham Act, § 43(a), 15 U.S.C. § 1125(a)." I would take no exception to this view in the absence of a controlling precedent to the contrary.

I hold, accordingly, that this court has jurisdiction of the cause of action under the Lanham Act, which is a substantial federal claim related to the remaining causes of action framed in terms of common law unfair competition, over which this court has pendent jurisdiction. The motion to remand is denied.

1. The original petition for removal was followed, within the statutory period, 28 U.S.C. § 1446(b), by a "supplementary" petition, which is treated merely as an amendment of the original petition.