THE AMERICAN ROLEX WATCH CORP., Plaintiff,

v.

JACK LAUFER & JAN VOORT, INC., Defendants.

Civ. No. 18390.

United States District Court
E. D. New York.

Oct. 1, 1959.

Kane, Dalsimer & Kane, New York City, Emil Scheller, New York City, of counsel, for plaintiff.

Samuel Robert Weltz, New York City, for defendants.

ZAVATT, District Judge.

This is a motion to dismiss for lack of jurisdiction over the subject matter of the controversy which involves defendants' business conduct as it relates to plaintiff's product. Plaintiff sells watch bands in interstate commerce. Defendants, both individual and corporate, are engaged in the manufacture and sale of watch bands in interstate commerce. There is no diversity of citizenship between the parties. In brief, it is plaintiff's claim that defendants have, by word and deed, falsely represented their product to be the distinctive product sold by the plaintiff, for which it is entitled to monetary damages and an injunction. There is no related claim under the patent, copyright, or trade-mark laws. Whether federal jurisdiction attaches to such a claim absent diversity of citizenship or a related claim of infringement is the issue before the court.

Plaintiff asserts that section 43(a) of the Lanham Act [1] confers the right that it seeks to vindicate and has framed its complaint in the language of this section.[2] It asserts further that an action pursuant to section 43(a) may be brought in the federal courts regardless of the amount in controversy or the citizenship of the parties by virtue of section 39 of the Lanham Act.[3]

---

1. 60 Stat. 441 (1946), 15 U.S.C.A. § 1125 (a):

"(a) Any person who shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce, and any person who shall with knowledge of the falsity of such designation of origin or description or representation cause or procure the same to be transported or used in commerce or deliver the same to any carrier to be transported or used, shall be liable to a civil action by any person doing business in the locality falsely indicated as that of origin or in the region in which said locality is situated, or by any person who believes that he is or is likely to be damaged by the use of any such false description or representation"

2. "This is an action for using in connection with the goods of defendants symbols and words falsely designating the origin of said goods and falsely representing same by means of symbols and words and causing such goods to enter into commerce, and for palming off defendants' goods as those of plaintiff's." Complaint, Par. 1.

3. 60 Stat. 440 (1946), 15 U.S.C.A. § 1121: "The district and territorial courts of the United States shall have orig-

In support of its motion the defendant argues that these sections of the Lanham Act may not be read alone; that they must be read with 28 U.S.C. § 1338(b) [4] which provides that "the district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade-mark laws."

Defendant premises his argument on the characterization that this action is a claim of unfair competition and concludes that since it is not joined with a related claim under the patent, copyright or trade-mark laws, this court has no jurisdiction to entertain the action because of 28 U.S.C. § 1338(b). In effect the defendant argues that no relief from any kind of unfair competition can be granted by this court (absent diversity of citizenship) unless the action is joined with a substantial and related claim as specified in 28 U.S.C. § 1338(b).

The defendant cites as its main authority American Automobile Ass'n v. Spiegel,[5] decided in this circuit, and extracts language from the opinion of Judge Learned Hand which it claims supports its position. But that case involved a construction of section 44 of the Lanham

Act [6], holding that that section afforded remedies to restrain unfair competition only to those who received a right under an international convention or treaty. The opinion did not discuss section 43(a), and properly so because the court found that defendants activities had no impact on interstate commerce. In so holding, this circuit refused to follow the decision of the Ninth Circuit Court of Appeals in Stauffer v. Exley [7], which established the proposition that section 44 creates a general federal law of unfair competition over which the district courts have jurisdiction. This circuit, and all other circuits [8] that have considered the problem but the ninth, has refused to find in section 44 "so sweeping an assertion of Congressional power, adding to the jurisdiction of federal courts all instances of unfair competition with interstate commerce, regardless of the amount involved, or the citizenship of the infringer." [9]

Obviously, the proposition that section 44 does not create a general federal law of unfair competition can hardly support the assertion that section 43(a) does not confer a more limited federal right of action cognizable by the federal courts. In fact the legislative history of the Lanham Act, and specifically section 43(a),

inal jurisdiction, the circuit courts of appeal of the United States and the United States Court of Appeals for the District of Columbia shall have appellate jurisdiction, of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties."

4. Defendant characterizes this section as a "controlling statute * * * enacted two years later" than the Lanham Act. Brief for defendant, p. 4. While it is literally true that § 1338(b) was first enacted in 1948 it is essentially the codification of a Supreme Court decision of 1933, Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148.

5. 2 Cir., 205 F.2d 771, certiorari denied 1953, 346 U.S. 887, 74 S.Ct. 138, 98 L.Ed. 391. Accord, Ross Products, Inc. v. Newman, D.C.S.D.N.Y.1950, 94 F.Supp. 566; Ronson Art Metal Works, Inc. v.

Gibson Lighter Mfg. Co., D.C.S.D.N.Y. 1952, 108 F.Supp. 755.

6. 60 Stat. 441 (1946), 15 U.S.C.A. § 1126.

7. 9 Cir., 1950, 184 F.2d 962.

8. See L'Aiglon Apparel, Inc. v. Lana Lobell, Inc., 3 Cir., 1954, 214 F.2d 649; Royal Lace Paper Works, Inc. v. Pest-Guard Products, Inc., 5 Cir., 1957, 240 F.2d 814; City Messenger, of Hollywood, Inc. v. City Bonded Messenger Service, Inc., 7 Cir., 1958, 254 F.2d 531; Iowa Farmers Union v. Farmers' Educ. and Cooperative Union, 8 Cir., 1957, 247 F.2d 809. 1 Callmann Unfair Competition and Trade-Marks 78 (Supp.1959) erroneously lists the seventh and eighth circuits as supporting the Stauffer doctrine. There is, however, some support for the Stauffer doctrine in the Court of Customs and Patent Appeals. See In re Lyndale Farms, 1951, 186 F.2d 723, 38 CCPA 825.

9. American Automobile Ass'n v. Spiegel, 205 F.2d at page 774.

indicates that Congress did intend to fashion a new federal remedy against a particular kind of unfair competition that the common law had effectively protected.[10] In the leading case of L'Aiglon Apparel, Inc. v. Lana Lobell, Inc.,[11] the Court of Appeals for the Third Circuit characterized section 43(a) in these words:

> "It seems to us that Congress has defined a statutory civil wrong of false representation of goods in commerce and has given a broad class of suitors injured or likely to be injured * * * the right to relief in the federal courts." [12]

In the L'Aiglon case, as in this case, there was no diversity of citizenship and no related claim of trade-mark infringement. Holding section 43(a) applicable the court looked to it rather than to the common law in determining whether the plaintiff was entitled to relief.

In this circuit the question of federal jurisdiction, answered affirmatively in L'Aiglon, has never been squarely presented to the court of appeals.[13] Recently, however, several cases (not cited by either side in their briefs) have presented the problem squarely to certain district courts in this circuit.[14] They have agreed that no opinion of the second circuit forecloses the issue and that L'Aiglon states correct law. On analysis of judicial authority and scholarly opinion[15] we concur in this conclusion.

It is perhaps unnecessary to state that it is one thing for a complaint to invoke the jurisdiction of this court and another to establish a valid claim.[16] At this point in the proceedings we merely hold that the federal courts have jurisdiction to consider the type of conduct complained of.

Motion denied. This is an order.

---

10. See Derenberg, Federal Unfair Competition at the end of the First Decade of the Lanham Act: Prologue or Epilogue?, 32 N.Y.U.L.Rev. 1029, 1032–39 (1957).

11. 3 Cir., 1954, 214 F.2d 649.

12. 214 F.2d at page 651. See also Gold Seal Co. v. Weeks, D.C.D.C.1955, 129 F.Supp. 928, affirmed sub nom., S. C. Johnson & Son, Inc. v. Gold Seal Co., 97 U.S.App.D.C. 282, 230 F.2d 832, certiorari denied 1956, 352 U.S. 829, 77 S.Ct. 41, 1 L.Ed.2d 50; "In this respect Section 43(a) does create a federal statutory tort, *sui generis*." 129 F.Supp. at page 940.

13. While the language of the court in Joshua Meier Co. v. Albany Novelty Mfg. Co., 2 Cir., 1956, 236 F.2d 144, 147, may be taken to anticipate the conclusion reached here, federal jurisdiction there could have been based on diversity of citizenship or on 28 U.S.C. § 1338.

14. Mutation Mink Breeders Ass'n v. Lou Nierenberg Corp., D.C.S.D.N.Y.1959, 23 F.R.D. 155; Catalina, Inc. v. Gem Swimwear, Inc., D.C.S.D.N.Y.1953, 162 F. Supp. 911. In passing it may be noted that Judge Edelstein who decided the Catalina case also decided the Ronson case, supra, note 5, relied upon so heavily by defendant.

In Morris Struhl, Inc. v. Relaxor Cushion Corp., D.C.S.D.N.Y.1958, 161 F. Supp. 826, the court recognized that a problem of jurisdiction exists but did not feel required to solve it on the particular motion before the court. Similarly the cases of Fluidless Non-Tact Lenses, Inc. v. Klear Vision Contact Lens Specialists, Inc., D.C.S.D.N.Y.1958, 158 F. Supp. 145, and M. & D. Simon Co. v. R. H. Macy & Co., D.C.S.D.N.Y.1957, 152 F.Supp. 212, do not contradict the holding in L'Aiglon. These cases merely hold that as a matter of pleading the complaint must be framed in terms of 43(a) to warrant removal to a federal court under the circumstances.

15. See, e. g., 1 Callmann, op. cit. supra note 8, at 318; Derenberg, supra note 10; cf. Bunn, the National Law of Unfair Competition, 62 Harv.L.Rev. 987 (1949).

16. See Bell v. Hood, 1946, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939.