**FEDERAL-MOGUL-BOWER BEARINGS, INC., Plaintiff,**

v.

**Martin AZOFF et al., Defendants.**

**Civ. No. 37076.**

United States District Court
N. D. Ohio, E. D.

Jan. 5, 1962.

Arthur W. Dickey, Harness, Dickey & Pierce, Detroit, Mich., William E. Williams, Cleveland, Ohio, for plaintiff.

John C. Oberlin, Cleveland, Ohio, for defendants.

JONES, District Judge.

This is an action based specifically upon Section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a). The parties seem to agree there is no basis for jurisdiction except under that Act. Defendant moves to dismiss on the ground that the complaint does not state a cause of action under the Act.

Section 1125(a) provides:

"Any person who shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce, * * * shall be liable in a civil action by any person doing business in the locality falsely indicated as that of origin or in the region in which said locality is situated, or by any person who believes that he is or is likely to be damaged by the use of any such false description or representation."

The complaint alleges that plaintiff for many years has packaged its products for sale in a distinctive box and that defendant has started packaging its products in a box highly imitative of plaintiff's box as to coloring, design, and placement of letters, although the letters are different. It is plaintiff's claim that defendant's box is a "false designation of origin" within the meaning of the Act. I think any attempt to characterize the complaint as charging a "false description or representation" would be without merit.

Defendant asserts that the word "origin" in the Act refers to geographical origin rather than to origin by manufacturer and that the Act does not apply to the charge of simple unfair competition and/or common law trademark infringement, neither of which are proper subjects for federal jurisdiction unless coupled with a claim under the trademark, copyright and patent laws, under 28 U.S.C.A. § 1338(b).

Plaintiff takes the position that although "origin" includes geographic origin it also includes origin by manufacturer, citing as authority L'Aiglon Apparel, Inc. v. Lana Lobell, Inc., 214 F.2d 649 (3rd Cir. 1954); Parkway Baking Co. v. Freihofer Baking Co., 255 F. 2d 641 (3rd Cir. 1960); American Rolex Watch Corp. v. Jack Laufer & Jan Voort, Inc., 176 F.Supp. 858 (E.D.N.Y., 1959); and Norwich Pharmacal Co. v. Hoffmann-LaRoche, Inc., 180 F.Supp. 222 (D.N.J., 1960).

The two Third Circuit cases, L'Aiglon and Parkway, both involve false descriptions or representations. In neither case does the court make any ruling concerning a designation of origin. In the American Rolex case, again the point was apparently not presented to the court or at least the court does not consider the scope to be given to the word "origin". In the Norwich case, the source of the product was represented to be "Eaton Laboratories", at Norwich, N. Y., which are non-existent. The court, while expressing doubt that "origin" is limited to its geographical sense, nonetheless applied it in that sense, finding that claimant did business in the locality claimed as the origin and that the designation of (geographical) origin was false. The court further found that the same representation was false description or representation as to the product itself to the extent that the consumer would be led to believe it was produced in a laboratory rather than a factory.

None of these cases directly involve and hinge upon the scope of meaning to be attached to the word "origin".

In my view, a question of jurisdiction should be construed most strictly against jurisdiction. There are adequate remedies in the state courts. It is only where Congress has determined that federal control is essential to solution of a problem that jurisdiction is conferred upon the District Courts. Unless it is shown clearly that the action is within one of the bases of federal jurisdiction, the action should be dismissed. It is my further belief that the section here involved does not apply to the facts here alleged. The remedies for a false designation of origin are separate from those for a false description or representation, and the remedies are available to different groups of parties. The word "origin" at the beginning might be considered ambiguous, but the balance of the section is not. The remedy for a false designation of origin is a civil action which may be brought by any person doing business in the locality falsely designated. If this were applied to these facts, not only might this plaintiff bring the action, but any person doing business near one of plaintiff's plants could also file suit. More seriously, such a construction of the section would open nearly all the field of unfair competition to federal jurisdiction.

Accordingly, I hold that "origin" as it appears in 15 U.S.C.A. § 1125(a) is limited to geographic origin and therefore defendant's motion to dismiss must be granted.