**NATIONAL DYNAMICS CORPORA-
TION, Plaintiff,**

v.

**JOHN SURREY, LTD., Defendant.**

United States District Court
S. D. New York.

Nov. 20, 1963.

———◆———

Bass & Friend, New York City, for plaintiff; Amster & Rothstein, New York City, of counsel.

Leonard Belford, New York City, for defendant.

WYATT, District Judge.

This motion is for a preliminary injunction in an action for unfair competition.

■ Jurisdiction is based on Sections 39 and 43(a) of the Lanham Trade-Mark Act, 15 U.S.C. §§ 1121, 1125(a) and is upheld, absent diversity of citizenship, by L'Aiglon Apparel, Inc. v. Lana Lobell, Inc., 214 F.2d 649 (3d Cir. 1954). There has been no similar decision by our Court of Appeals but a number of District Court decisions in this Circuit have found jurisdiction. These decisions are collected in American Rolex Watch Corp. v. Jack Laufer & Jan Voort, Inc., 176 F.Supp. 858 (E.D.N.Y.1959).

It cannot be told from the complaint that there is diversity here because the principal places of business of the corporate parties are not given. Relying on the decisions cited, jurisdiction will be assumed.

Plaintiff manufactures an automobile "defroster gun" which is sold under the trade-mark "Quickee" but this trade-mark does not appear on the article itself.

A competing automobile defroster gun is sold by Equality Plastics, Inc. under the name "E–Z defroster" which is lettered on the left side of the barrel of the "gun". This article is said to be made in Japan and to be an inferior product. Inspection of the two articles indicates that the article made by plaintiff is of better quality.

Defendant evidently has bought defroster guns from Equality. It issued a mail order catalog, however, containing a picture of the defroster gun of plaintiff and using the trade-mark of plaintiff, "Quickee". Admittedly defendant intended to supply Equality defroster guns on all orders received from catalog holders, but in opposing this motion offered to fill the orders with the product of plaintiff or to return the orders.

■ Defendant says that it got the picture of plaintiff's defroster gun, as

well as the word "Quickee", from a Mr. Lang, salesman for Equality. This is difficult to credit, as plaintiff convincingly establishes that a glossy picture of its product and descriptive advertising material for it was sent by plaintiff to defendant through the mail in response to a telephoned request by defendant.

In any event, regardless of how defendant came to do it, a preliminary injunction should issue to restrain any further use of the photograph or the trademark of plaintiff. The violation of 15 U.S.C. § 1125(a) is plain. L'Aiglon Apparel, Inc. v. Lana Lobell, Inc., above; Zandelin v. Maxwell Bentley Mfg. Co., 197 F.Supp. 608 (S.D.N.Y.1961).

Since the argument of this motion, defendant has issued another catalog. Changes have been made. The trademark "Quickee" has been dropped, the cord and plug have been dropped from the picture, the words "E–Z defroster" are now shown on the barrel of the defroster gun, and other minor changes have been made. But the photograph is still the photograph of plaintiff's product and not the Equality item. This is seen, for example, in the shape of the opening in the top rear of the gun; in the photograph and in plaintiff's product, this opening is round, whereas in the Equality product the opening is octagonal. Again, in the photograph and in plaintiff's product, there is a noticeable bulge at the rear of the gun barrel, whereas in the Equality product there is no bulge and the barrel is perfectly smooth throughout its length.

The papers show that defendant has used a photograph of plaintiff's product to describe an inferior and cheaper product.

The findings of fact and conclusions of law are contained herein. Fed.R.Civ.P. 52(a).

The motion is granted.

Settle order on notice, observing the requirements of Fed.R.Civ.P. 65(d) and suggesting the amount of security to be given under Fed.R.Civ.P. 65(c).