NATIONAL DYNAMICS CORPORATION, Plaintiff,

v.

JOHN SURREY, LTD., Defendant.

JOHN SURREY, LTD., Third-Party Plaintiff,

v.

EQUALITY PLASTICS, INC., Third-Party Defendant.

United States District Court
S. D. New York.

Dec. 18, 1964.

Supplemental Opinion Dec. 30, 1964.

Amster & Rothstein, New York City, for plaintiff.

Leonard Belford, New York City, for defendant.

PALMIERI, District Judge.

In this action for unfair competition a preliminary injunction was granted by Judge Wyatt of this Court in an opinion dated November 20, 1963, 238 F.Supp. 422. The defendant, which is engaged in the mail order business, has used a photographic reproduction of plaintiff's product, an automobile defroster gun, although it is clear that defendant is engaged in the sale of an inferior product not obtained from the plaintiff. There are no material facts in dispute.

■ Defendant's reply on this motion for summary judgment and for relief under 15 U.S.C. § 1125(a) is that it is prepared to sell plaintiff's product. This offer is made in court notwithstanding the complete absence of commercial relations with plaintiff and notwithstanding the previous litigation referred to. The contention is unpersuasive and invalid as a matter of law.

■■ The defendant has also argued that the plaintiff must establish that the defendant has caused the goods in question to enter commerce. The defendant misstates the law. A section 1125(a) violation may also be established by showing the use of a false designation of origin in connection with "services" which enter commerce. The defendant's catalog is encompassed by the word "services". See L'Aiglon Apparel v. Lana Lobell, Inc., 214 F.2d 649 (3d Cir. 1954), and also Judge Wyatt's earlier opinion in this case.

■ The motion is granted. An appropriate order is filed herewith providing for the appointment of a Master to determine damages. The defendant's request to delay the decision for the purpose of permitting it to assert an antitrust defense is denied because it is a transparent maneuver adopted in extremis to circumvent plaintiff's rightful vindication of its rights.

The defendant, in its opposing papers to plaintiff's motion for summary judgment, moves for judgment over against the impleaded third party defendant, Equality Plastics, Inc., the supplier of the inferior product. The third party defendant's papers clearly establish that there are factual disputes between it and the defendant-third party plaintiff. Furthermore, the defendant-third party plaintiff has not filed the statement required by Rule 9(g) of the General Rules of this Court in support of its cross-motion for summary judgment. This motion is denied.

It is so ordered.

### Supplemental Opinion

It has been brought to the attention of this Court that the motion of the defendant-third party plaintiff for summary judgment over against the third party defendant, which was denied in the

last paragraph of an opinion filed by this Court on December 18, 1964, had in fact been withdrawn. The motion, therefore, was not before the Court and reference thereto is hereby deemed to be deleted from the opinion.