**MIDWEST PACKAGING MATERIALS CO., a corporation, Plaintiff,**

v.

**MIDWEST PACKAGING CORPORATION, a corporation, Defendant.**

Civ. No. 9–2452–C–2.

United States District Court,
S. D. Iowa, C. D.

April 28, 1970.

Donald H. Zarley and Bruce W. Mc-Kee, Des Moines, Iowa, for plaintiff.

A. Arthur Davis, John D. Shors, and Dennis D. Jerde, Des Moines, Iowa, for defendant.

## MEMORANDUM AND ORDER

HANSON, District Judge.

This ruling is predicated upon defendant's substituted consolidated motions to dismiss and strike certain portions of the amended complaint in the above-entitled cause. A previous motion by defendant in respect to the original complaint is moot having been superseded by the instant motions.

This action is for unfair competition. Plaintiff claims that defendant's failure to adequately differentiate its stock shares from those of the plaintiff has resulted in confusion which has been harmful to plaintiff.

Defendant moves to dismiss plaintiff's cause of action based on 15 U.S. C.A., Section 1125(a) and 28 U.S.C.A. § 1338(a) for failure to state a claim upon which relief can be granted. In the alternative, if the motion to dismiss is denied, defendant seeks to have the allegations based on 15 U.S.C.A. § 1125 (a) and 28 U.S.C.A. § 1338(a) stricken from the amended complaint.

■ Defendant objects to plaintiff's recital of 28 U.S.C. Section 1338(a) in the complaint. Plaintiff has asserted said section as an additional basis for jurisdiction. Defendant seems to be challenging Section 1338(a) for failure to state a claim upon which relief can be granted. The Court has some difficulty in perceiving defendant's purpose in challenging Section 1338(a) in this manner but, in any event, case law definitely supports plaintiff's utilization of this section as a jurisdictional basis. American Rolex Watch Corp. v. Jack Laufer & Jan Voort, Inc., 176 F. Supp. 858 (E.D.N.Y.1959); Federal-Mogul-Bower Bearings, Inc. v. Azoff, 313 F.2d 405 (6th Cir. 1963); L'Aiglon Apparel, Inc. v. Lana Lobell, Inc., 214 F.2d 649 (3d Cir. 1954).

The Court perceives the true essence of defendant's motion as a challenge to plaintiff's reliance on 15 U.S.C. Section 1125(a) as a cause of action.

15 U.S.C. Section 1125(a) provides in part as follows:

"Any person who shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods * * * to enter into commerce, * * * shall be liable to a civil action * * * by any person who believes that he is or is likely to be damaged by the use of any such false description or representation.

The relevant inquiry is whether stock certificates are within the protection afforded by Section 1125(a). Neither party has been able to cite any case law directly on point. Both parties view the lack of authority as an evil omen for their adversary. The Court would rather view the paucity of judicial enlightenment on the simple premise that this is a novel issue and consequently, neither party is at a disadvantage.

■■ Section 1125 is not a criminal statute. It does not impose any criminal sanctions. This section is properly characterized as a civil fraud provision. Consequently, this is a remedial statute and should be broadly rather than strictly construed. Geisel v. Poynter Products, Inc., 283 F.Supp. 261 (S.D. N.Y.1968). The key words of the statute are "use in connection with any goods or services." The Court finds that

applying a broad and liberal interpretation to Section 1125(a), stock certificates can be thought of as "use[d] in connection with any goods or services" or as "goods" themselves. Glenn v. Advertising Publications, Inc., 251 F. Supp. 889, 903 (S.D.N.Y.1966). Furthermore, this construction is consistent with the intent of the Lanham Act to protect against unfair competition. 15 U.S.C. Section 1127.

Accordingly, it is therefore ordered that defendant's consolidated motions to dismiss and strike are hereby overruled.